Sneed, J.,
delivered the opinion -of the court.
The -plaintiff’s intestate was killed by a train of defendant, consisting of an engine and tender, on the night of November 15, 1871, in tbe company’s depot yard at Paris. The engineer was at the time running the engine and tender forward and backward upon the track — a sort of locomotion necessary in pumping water from the tender into-the engine.
The plaintiff’s intestate being upon the track, was run over and killed by the train, while the same w-as running *476 backward, without steam, down grade, 'and at the rate of six or eight miles an hour. The proof of the company shows that the bell was constantly ringing while the train was thus in motion, but on this point there is conflict of testimony. There was a headlight on the engine, and the engineer had a lighted lantern suspended over his head in the cab as a signal and warning to any person who- might be on the .track. The engineer was also- on the lookout for obstructions before the train, whether moving backward or forward. lie did not see the deceased on the track at the time he was run over, or at any time, until after the accident. The deceased was not an employe of the company, hut happened to be using the track as a footpath that night. The verdict and judgment were for the. company.
Among 'other things, the court charged -the jury that the law would not hold the company to such rigid and literal a compliance with .the statutory regulations, when making up trains, pumping up the engine, switching trains, etc., as in the regular movement of trains. One reason why so much would not be required of them is, that the public is presumed to know that inside the yard there is, of necessity, constantly changing or moving of cars and locomotives, and this is necessary to the business of the company.
The counsel for the plaintiff requested the court to instruct the jury that the foregoing principle of law applied only to the employes of the company, hut as to the general public there could he no modification of the rigors of the statute. This instruction his Honor refused to give. It is insisted in argument that the instructions asked for are sustained by the case of Mary Robertson v. Louisville & Nashville Railroad Company, decided by this court at its April term, 1872. [Since reported in 9 Heis., 276, with a reversed style.] The only point adjudged in that case was that as to injuries to employes of the company happening in the yard and depot grounds of the company, the rigid *477 statutory rules did not apply, but they wore to be governed by common law principles. It is true that tlie judge who. delivered that opinion, uses this language: “We do' not mean to lessen in any degree the rigor of the statute, as applied to the general public, or in any case where it is intended to apply,” yet it was not intended in that .case to A adjudge the questions of the liability of railroad companies for accidents occurring to others than 'employes in the yard or depot grounds of the company. The reasoning of the opinion, indeed, would seem to sustain to some degree the-charge of the court in this case. The railroad company,, in the pursuit of its avocation, is necessarily obliged to have the free, constant and unobstructed use of its yards,, round-houses and depot grounds.
The general public, as well 'as the agents of the company,, are presumed to lc-now the necessities of the company in this respect, and the uses to which these yards and depot grounds are constantly appropriated. A stranger in such place is an intruder and trespasser. The public have no right to make a footpath of a railway track at any time or. place. The right and easement in the track 'as a highway is in the company alone, except where it crosses by highways common to the general public. The statutes, however, impose a rigid responsibility upon the company in running its trains on its great highway of freight and travel, for the double purpose of protecting both life and property.
But it seems to us that to require 'the application of these strict rules in the yard and depot grounds, would be to. impose restrictions which would very much embarrass the operations of a railway company, and inflict a positive injury upon the community itself.
It can scarcely happen, that a stranger can be injured in the yard or depot ground of the company, without being; more or less at fault in being there, and the principles of the. common law, which are not over tender with the de *478 linquencies of a corporation, are ample for his protection.
The applicaton of the statute would, in such cases, be impracticable if not impossible, without so seriously crippling the energies of the railway companies as to do- serious detriment to the public.
It results that in our judgment there is no error in the charge of -the court in this respect, and upon a careful consideration of the case, we think it was correctly decided below.
Affirm the judgment.