Fleming *v.* Railroad.

FLEMING *v.* RAILROAD.

(*Nashville.* February 9, 1901.)

RAILROADS. *Liability for injury to person on its track.*

The general rule that a railroad company is not bound, in the operation of its trains, to anticipate the presence of a trespasser nor to provide for his safety, when his presence is not known, does not excuse it from the exercise of ordinary care to observe the presence of persons on its track, and to save them from injury by its moving trains or cars, when such persons are using the company's tracks from necessity or by permission, and in accordance with a long-continued custom, on business at a depot, and the company therefore had reason to expect their presence on its tracks.

FROM MAURY.

Appeal in error from Circuit Court of Maury County. HON. SAM. HOLDING, J.

JAMES A. SMISER for Fleming.

GEO. T. HUGHES for Railroad.

WILKES, J. This is an action for damages for personal injuries. There was a trial before a jury in the Court below, and a verdict and judgment for $900, and the defendant railroad company has appealed and assigned errors.

The facts, so far as necessary to be stated, are that Fleming was at the depot in Columbia, Tennessee, on some business for his employers, who were expecting some shipments by the morning express train.

He went upon the tracks of the company to talk to the watchman in the employ of the company, whose duty it was to look after the safety of passengers and other persons at the depot and on the grounds of the company. The watchman was sitting on the steps of a caboose, which was standing on the tracks with several other cars attached, but to which there was no engine attached.

Plaintiff was told that the train was late, and he engaged with the watchman in a conversation, and afterwards with another person who came up. In the meantime the watchmen had stepped to the telegraph office, only a few feet away, to learn when the train would arrive. The entire space between the tracks, and there were several at this place, was level, and the public generally, as well as passengers, were in the habit of going upon it when it was not being used for passing trains, and especially when awaiting the coming of trains. It was more or less crowded all the time by persons standing upon or passing over it.

While standing near the caboose, and partially on the track behind it, an engine which had

been engaged in switching pushed some cars down the track on which the caboose was standing, and they ran against the caboose and standing cars, and they were jammed back and struck the plaintiff, knocking him down and rendering him for awhile unconscious. He suffered greatly with his head from the concussion, and for some month or two was wholly disabled from work, and at the time of the trial was still suffering very much from the injury.

It appears that these cars which came down the track and jammed those standing upon it were cut loose from the switch engine and shunted down the track about one hundred yards, and, the track being a down grade, they continued to roll down it of their own momentum until they struck the standing cars. One brakeman was upon them, and had set one of the brakes and started to the other when the accident occurred, but he did not see the plaintiff, and his situation was such that he could not see him. The cars came down the track quite rapidly, and struck the standing cars with force and pushed them some distance down the track.

There are several objections made to the charge as given, and several to the failure to give several other instructions as requested.

The Court laid down the rule of law applicable to the company's duty to a licensee that it was incumbent on it to keep the walkways, plat-

Fleming *v.* Railroad.

forms, and standing places reasonably safe for the use of such persons, and proceeded to say that if a party be a trespasser it would not prevent him from recovering from the company for injuries negligently inflicted by the railroad company and which might be averted by using ordinary care and caution by the railroad, but this was true only in cases where the negligence of defendant was the direct and proximate cause of the injury.

The insistence of the counsel for the company is that it is not required to anticipate the presence of a trespasser, nor to guard against injury to him unless his presence is known to the company, and it then failed to use proper care. While as a general proposition this may be correct, still it is not applicable in a case where cars are being moved over tracks and yards, and in localities which the public is accustomed to frequent, and where the road may reasonably expect that persons may be in the way of moving trains or cars at any time.

The mere fact that the company was ignorant of the presence of the party, whether licensee or trespasser, would not absolve the company from liability, but the controlling question is whether tion would depend largely upon the circumstances, the company was negligent or not, and that question would depend largely upon the circumstances, the company was negligent or not, and that question place was used, and whether much or little frequented by third persons. If, for instance, the

company should be pushing its cars along or over crowded streets and passways, it must keep a more vigilant lookout than if it were merely switching at a country station where persons were not accustomed to frequent. A different rule from this would place a premium upon the inattention and failure of the company to see persons who are exposed to danger. While the company, as against a licensee as well as trespassers, is entitled to the use of its tracks when it desires to use them, still when they are not continuously in use, and persons are allowed to go upon them between trains, it would be incumbent upon the road to see that its tracks were clear before moving its trains over them.

It appears that the place where this accident occurred had been used as a passing or standing place for a number of years, and was really necessary to be so used for the accommodation of passengers and persons having business at the depot. It does not therefore present the case of a person needlessly and heedlessly placing himself in front or rear of a car likely to be moved, and injured because the railroad had no actual knowledge of his presence.

The Court, as bearing on this feature of the case, charged that if plaintiff's negligence was the direct and proximate cause of the injury, he could not recover. The Court gave full instruc-

tions as to the care required of plaintiff and the caution he must use to look and listen.

We think that the objections to the charge as given, and the requests as made, are faulty, in that the proper distinction is not made that is raised by the facts of the case, to wit: That the cars were being moved over premises which were frequented by the public at any and all times, and there was a duty resting upon the company to keep a close watchout for persons on or near the track, and this duty made it incumbent on the company to use all reasonable care and diligence to see that its tracks were clear, and a mere failure to see persons on the track would not be sufficient.

We think the charge as given was fair and full, and properly presented the case to the jury, and there being no errors assigned except as to the charge, the judgment of the Court below is affirmed with **costs.**