# Mooney, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Bridge.*

In an action against a railroad company to recover damages for personal injuries from falling off a toll bridge maintained by the defendant, a nonsuit is properly entered, where the evidence shows that the bridge was properly constructed and in good condition, that there was a guard rail of such a height that a man walking on the bridge would be in no danger of toppling over the rail, that at the time of the occurrence the plaintiff was intoxicated, and that the fair inference from the testimony was that the plaintiff climbed over the rail while drunk and fell into the river.

Argued April 16, 1902. Appeal, No. 64, Jan. T., 1902, by plaintiff, from order of C. P. Luzerne Co., Jan. T., 1894, No. 18, refusing to take off nonsuit in case of Michael Mooney v. Pennsylvania Railroad Company. Before McCOLLUM, C. J., MITCHELL, DEAN, BROWN and MESTREZAT, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HALSEY, J.

At the trial it appeared that on February 24, 1893, between ten and eleven o'clock at night, plaintiff, about forty years of age, fell from a toll bridge, maintained by the defendant, over the Susquehanna river at Nanticoke. Plaintiff claimed that he stumbled over some obstruction and fell through the guard rails down to and on the ice a distance of thirty-six feet below. The plaintiff's evidence was conflicting and contradictory, and a fair inference to be drawn from it was that he had climbed

over the rail while intoxicated and fell onto the ice. The evidence showed that the bridge was properly constructed and in good condition, and that there was a guard rail of such a height that a man walking on the bridge would be in no danger of toppling over the rail.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*James L. Lenahan,* with him *Thomas D. Shea,* for appellant.

*John McGahren* and *Henry W. Palmer,* for appellee, were not heard.

PER CURIAM, June 4, 1902:

Unless we hold that the defendant company is responsible for the effect on the plaintiff of the " York State cider " and Nanticoke gin consumed by him on the day of the accident, we must sustain this nonsuit. They, and not the negligence of the defendant, were the cause of his injuries. There was no evidence whatever that the bridge was defectively constructed as alleged by the plaintiff, nor that his injuries were occasioned by the negligence of the defendant company. The nonsuit was properly entered by the court below and, therefore, the judgment is affirmed.