# Runkle, Appellant, v. City of Pittsburgh.

*Municipalities—Negligence—Evidence—Failure to guard bridge —Unknown cause of accident—Judgment n. o. v.*

Where an action is brought by a widow to recover damages for the death of her husband, alleged to have been caused by the negligence of defendant city in failing to barricade an approach to an abandoned bridge, and the only evidence concerning the accident was that deceased had been found dead at the foot of the abutment of the bridge, there being no testimony as to how he came there or what caused his death, the case must necessarily be withdrawn from the jury. The jury cannot be allowed to guess as to the cause of an accident.

Argued October 22, 1912. Appeal, No. 75, Oct. T., 1912, by Esther A. Runkle, plaintiff, from judgment of C. P. No. 2, Allegheny Co., April T., 1908, No. 1140, entering judgment for defendant n. o. v. in case of Esther A. Runkle v. City of Pittsburgh. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband.

FRAZER, P. J., filed the following opinion ordering judgment for defendant n. o. v.

Plaintiff is a resident of the Borough of Mercer in this State, and the widow of Benjamin E. Runkle, whose dead body was found on the morning of November 7, 1907, lying on the south shore of the Allegheny river in the City of Pittsburgh, near the abutment of what was formerly a part of a bridge crossing the Allegheny river near its junction with the Monongahela river, known as the Point Bridge. This action was brought to recover damages for the death of Mr. Runkle, which plaintiff alleges occurred through the negligence of defendant in not protecting the bridge abutment by a proper barricade. At the trial a verdict was rendered in favor of plaintiff, which was followed by this motion. The testimony showed that Mr. Runkle, who resided in the town of Mercer, was engaged in the lumber business, and visited Pittsburgh usually once a month in connection with his business. On the morning of November 6, 1907, he left his home and came to Pittsburgh. Neither the time of his arrival here nor the places visited by him while here was disclosed by the testimony, except that about noon on that day he visited a Smithfield street restaurant and left a note for a friend requesting a meeting with him that afternoon, upon receipt of which a reply was left at the restaurant by the friend for Mr. Runkle. Whether it was received by him was not established. The parties, however, did not meet. It also appeared that another acquaintance met Mr. Runkle on Wood street between Diamond street and Fourth avenue between 4:30 and 5:00 o'clock of that afternoon. This was the last time Mr. Runkle was seen alive, his body being found near the bottom of the abutment of the Union Bridge the following morning.

Plaintiff's contention is that deceased, not knowing the bridge had been taken down, intended crossing it to Allegheny, and, because of there being no barricade across the approach to warn persons of danger, fell over the abutment, receiving injuries which caused his

death; and further, that the city was negligent in not erecting a barrier or barricade to guard against accidents. Whether there was a barrier across the approach to the bridge near the abutment is a disputed question. That there was a fence erected some time previous to the death of Mr. Runkle is not denied. The testimony, however, seems to show that it had fallen down and either laid across the approach or had been partly removed therefrom. There were, however, piles of lumber and other material on the approach at either side of the car tracks which led to the bridge. The bridge was taken down in the spring of 1907, and after its removal a ferry was operated between a point near the old bridge abutment and Allegheny, which was reached by steps leading from the bank near the abutment to the ferry landing. The testimony also showed that an electric arc light was located about 106 feet distant from the abutment. Assuming there was no barrier across the approach to the bridge and that the city was negligent in failing to provide such protection, does the testimony sustain plaintiff's right to recover? Deceased was last seen on Wood street at least seven blocks by the most direct route from the place where his body was found on the following morning. No one saw him either on the approach to the bridge or in its immediate neighborhood on November 6th. Assuming for the purpose of this motion that there was no barrier or other protection across the bridge approach, and that the city was negligent in not providing one, that negligence must be shown to have been the proximate cause of the injury which led to Mr. Runkle's death, otherwise plaintiff cannot recover. That, in our opinion, the evidence fails to establish. To assume that it did we must also assume that deceased walked up the approach to the abutment, in the face of the evidence that at least a portion of the approach was obstructed by piles of lumber and that there was an arc light so near the abutment that persons at the toll-house could from its light "distinguish be-

tween a Canadian and American dime." Such presumption is not permitted by any rule of law, especially when his death may have resulted from so many other causes. Possibly he may have gone to Allegheny and returned to Pittsburgh by the ferry, and either died from natural causes or met with foul play after landing, or fallen down the steps leading to the ferry landing, or he may have been on the bridge approach examining the lumber piled there, with a view to purchasing, and accidentally fell over the abutment. Deceased could have come to his death under so many circumstances unconnected with the city's negligence that to say he walked over the abutment not seeing that the bridge had been removed, when he had not been shown to have been in that neighborhood, would be nothing more than a guess; in other words, to permit a recovery upon "a supposable theory not supported by established facts," and that the law does not permit. This case, it seems to us, is clearly within the rule laid down in Welsh v. Railroad Company, 181 Pa. 461, and Alexander v. Water Company, 201 Pa. 252.

Being of opinion that the evidence fails to show that the death of plaintiff's husband was the result of defendant's negligence, it is now ordered that judgment be entered for defendant non obstante veredicto. To which order plaintiff excepts, and at her instance bill sealed.

*Error assigned* was the order of the court in entering judgment for defendant n. o. v.

*S. H. Miller,* with him *S. S.* and *C. B. Mehard,* for appellants.—The case was for the jury: Longenecker v. Pennsylvania Railroad Co., 105 Pa. 328; Allen v. Willard, 57 Pa. 374; Scranton v. Dean, 2 W. N. C. 467.

*Harry Diamond,* with him *C. A. O'Brien,* for appellees, cited: Alexander v. Water Company, 201 Pa. 252;

Bube v. Weatherly Borough, 25 Pa. Superior Ct. 88; Welsh v. Railroad Co., 181 Pa. 461; Stringert v. Ross Twp., 179 Pa. 614.

PER CURIAM, January 6, 1913:
The judgment is affirmed on the opinion of Judge FRAZER.