TENNESSEE CENT. RY. CO. v. DIAL.

Middle Section.    May 27, 1933.

Petition for Certiorari denied by Supreme Court, December 15, 1933.

C. J. Cullom, of Livingston, and Walter Stokes, of Nashville, for plaintiff in error.

Ward R. Case and W. A. Garrett, both of Jamestown, for defendant in error.

CROWNOVER, J. This actions was brought by Lula Jane Dial for herself, as surviving widow, and for the minor child of Thomas Dial, deceased, to recover damages sustained by them by reason of his death alleged to have been caused by the negligence of defendant in backing freight cars on and upon a side track without lights or lookout on the rear of said cars and without giving a warning signal, which freight cars ran over the deceased while he was on said track.

The declaration contained three counts. The first count averred that, while deceased was crossing, or on, one of defendant's side tracks at Highland Junction, in Fentress county, just below a car loaded with slate, placed on said track, the railroad company caused several cars loaded with coal to be removed onto said side track and shoved against the slate car, thereby causing said slate car to be

pushed against and over the deceased, cutting off his head and killing him; that defendant was negligent in failing and neglecting to ring the bell or sound a gong or blow the whistle, as it was its duty to do under the law, and in failing and neglecting to place a light on said slate car at the end, and in failing and neglecting to see that the track was clear before proceeding to move said slate car over said track with the backing engine.

The second count averred that the deceased was on defendant's track at a place which the public had been permitted to use as a public crossing for more than twenty years, and that defendant, in switching, pushed one of its loaded slate or coal cars over deceased and killed him; that defendant negligently failed to sound any alarm or have any light on the rear end of said slate car or to make any effort to observe any obstruction on said track.

The third count averred the violation of subsection 4 of section 1574 of Shannon's Code (new Code, section 2628, subsec. 4), and failure to observe the statutory precautions when anything appeared as an obstruction on the track.

Defendant pleaded not guilty.

The case was tried to the judge and a jury. At the close of plaintiff's evidence and again at the conclusion of all the evidence, the defendant moved the court for peremptory instructions, which motions were overruled, to which defendant excepted. The jury returned a verdict of $10,000 in favor of the plaintiff.

Motion for a new trial having been overruled, defendant appealed in error to this court, and has assigned errors, which, when summarized, raise the following propositions:

(1) Defendant is not liable for failure to observe the statutory precautions, because this was a switching operation in defendant's railroad yards.

(2) Plaintiff's cause of action, as averred in her declaration, is based on failure to observe the statutory precautions; therefore she cannot recover on proof of common-law negligence.

(3) There was no evidence to support the verdict, and the court erred in overruling defendant's motions for peremptory instructions.

(4) Defendant owed no duty to the deceased, as he was a trespasser, except not to willfully or wantonly injure him.

(5) The court erred in refusing to exclude the testimony of witnesses to the effect that the cut where the car of slate was standing on the side track had been used as a public passway, as the public had no right to convert this portion of the track into a public passway, and it was error for the court to permit them to so testify over the objection of the defendant.

(6) The court erred in charging the jury as follows:

"If you find for the plaintiff you must go further and fix such an amount as in your judgment will compensate the wife of this man—reasonably compensate her for the death of her husband. In fixing

this amount you will look to the age of this man—his earning capacity and character of citizenship."

(7) The verdict is so excessive as to indicate passion, prejudice, and caprice on the part of the jury.

The scene of this accident was a side track in the switchyard of the defendant railroad company, near the depot, at Highland Junction, in Fentress county. The side track and switch at this point is used for the purpose of making and breaking up trains; there being a switch commonly known as a "Y" there. This side track is crossed by two public roads about sixty or eighty yards apart. Between the two public crossings are two paths commonly used by persons traveling from stores on one side of the track to residences on the other side, and there is a path along the side of the track from one crossing to the other. These paths have been used by the public for twenty years or longer; but the evidence does not show the exact location of the paths and crossings, and no map of that location was used or filed.

On March 19, 1931, and for several days prior thereto, a car loaded with slate was standing on this side track between the two paths.

The deceased, Thomas Dial, was twenty-five years of age and worked in the coal mines. He was married, and had one child of the age of four years. On March 19, 1931, he did not work, as the mines were shut down on that day. At about 3:30 or four o'clock that afternoon he was seen, and was under the influence of liquor, staggering about and swearing.

At about seven o'clock that night the railroad company shoved on the side track six cars of coal, coupled them to the slate car, and pushed them and the slate car down the track a distance of about four car lengths.

Next morning the body of Thomas Dial was found under the last coal car, between the public crossings and the two paths; his body was between the rails, and his head was severed from his body and was lying just outside of the rail. His back was bruised and somewhat bloodshot. A Nehi soda pop bottle partly filled with liquor was found between his legs and an open pocketknife was found in his pocket.

1. The evidence established the fact that the accident occurred in defendant's railroad yard during a switching operation. Therefore there can be recovery based on any statutory provisions. East Tennessee, V. & G. R. Co. v. Rush, 83 Tenn. (15 Lea), 145; Southern Ry. Co. v. Pugh, 95 Tenn., 419, 32 S. W., 311; Cox v. Railroad, 1 Shan. Cas., 475; Louisville & N. R. Co. v. Martin, 113 Tenn., 266, 87 S. W., 418; Chattanooga Station Co. v. Harper, 138 Tenn., 577, 199 S. W., 394; Southern Ry. Co. v. Simpson, 149 Tenn., 461, 261 S. W., 677; Tenn. Central Ry. Co. v. Zearing, 2 Tenn. App., 459; Tenn. Central Ry. Co. v. Hayes, 9 Tenn. App., 120.

2. But we are of the opinion that the first and second counts of the declaration state a cause of action under the common law, as it was averred that Thomas Dial was killed in a switching operation on a side track, and the rights of the parties will have to be determined by the common law.

"The statutory precautions are but a repetition of the common-law duties of the railway company, with the addition of a change in the burden of proof. E. T., Va. & Ga Ry. Co. v. Pratt [85 Tenn., 91 S. W., 618], supra, and the cases cited therein; also Patton v. Railroad Co., 89 Tenn., 370, 15 S. W., 919, 12 L. R. A., 184, and cases cited; Railway Co. v. Howard, 90 Tenn., 144, 19 S. W., 116; and Chattanooga Rapid Transit Co. v. Walton, 105 Tenn., 415, 427, et seq., 58 S. W., 737." Railroad v. Crews, 118 Tenn., 62, 99 S. W., 368, 371.

3. We are of the opinion that the third assignment of error, that there is no evidence to support the verdict and the court erred in overruling defendant's motions for peremptory instructions, should be sustained. It was incumbent on the plaintiff to make out her case. There were no eyewitnesses to the accident. The only basis for the contention that Dial was killed when an obstruction on the track is the presumption that the instinct of self-preservation caused him to use due care for his own safety, whereas there is much evidence against this presumption, to-wit: (1) When last seen about three hours before his death he was drunk, reeling and staggering about and swearing. (2) He was found dead near where the slate car was placed on the day before, and there was no evidence that the front wheels of the slate car passed over him, as there was no blood or hair on them, whereas there was blood and hair on the two rear wheels of the slate car towards Monterey and there was blood on all the other wheels that passed over him, which showed that they had run over him. (3) When found, he was lying on his back with his head cut smoothly off at his shoulders, and there was no evidence of bruises or that he had been struck and rolled by the car.

The railroad attempts to show that it observed the statutory precautions and that it was not guilty of common-law negligence in switching the cars. It attempts to show that it had somebody on the first car when it was being backed onto the siding, but there is no evidence that the conductor who had a small lantern was on the lookout or could have seen a man on the track. The testimony of the defendant's witnesses on the subject of lights and lookouts is vague and not satisfactory, and does not show that the conductor was on the first car looking ahead when the cars were being pushed down the side track after being coupled. Under the circumstances we think this was negligence on the part of the railroad. Where the public uses the track, which is a part of the yards of the company, either as a crossing or as a path, there is imposed upon the railroad a higher degree of care to look out for the presence of persons at those places

than in the yards of the company not frequented by the public. Fleming v. Railroad, 106 Tenn., 374, 61 S. W., 58; Patton v. Railroad, 89 Tenn., 370, 15 S. W., 919, 12 L. R. A., 184.

"It was held by this court in the Clarkson Case [28 Am. & Eng. Ry. Cas., 459], viz.: 'If the accident occurs in switching operations proper and necessary in and about the depot grounds and yards, and whether on or off a street, the company is not required to observe the statutory precautions, though it is required to observed the care and caution which the dangerous conditions demand.'" Louisville & N. R. Co. v. Martin, 113 Tenn., 266, 87 S. W., 418, 423; Adcock v. Railroad, 3 Tenn. Civ. App., 128, 139.

Even though the railroad company was negligent in the switching operation without proper lights and lookouts across the roads and paths frequented by the public, yet it is not liable unless that negligence was the proximate cause of the injury. In order to recover, the evidence must show that the death was proximately caused by the alleged injury, for there can be no recovery where the cause of death is left open to conjecture. Elmore v. Thompson, 14 Tenn. App., 100; 17 C. J., 1310.

There is a presumption that the deceased exercised ordinary care for his own protection. 45 C. J., 1155-1162; 22 C. J., 94, 95; 20 R. C. L., 199; 1 Jones on Evidence (2 Ed.), 421, 422, section 257; Moore on Facts, 529-537; Tennessee Cent. R. Co. v. Herb, 134 Tenn., 397, 401, 183 S. W., 1011.

Ordinarily every adult is presumed to be endowed with sufficient reason to enable him to exercise ordinary prudence. 45 C. J., 1148. And, on a plea of contributory negligence, evidence of intoxication of the deceased was admissible, as the question was one for the jury. 45 C. J., 997; Texarkana Ry. Co. v. Frugia, 43 Tex. Civ. App., 48, 95 S. W., 563; Lane v. Missouri Pacific Ry. Co., 132 Mo., 4, 33 S. W., 645, 650, 1128; 1 Moore on Facts, 537. But the presumption arising from the natural instinct of self-preservation, which leads men in their sober senses to avoid injury, from which arises the presumption that the deceased was exercising due care for his own safety, does not exist where the deceased was in a drunken condition at the time of the accident. Glancy v. McKees Rocks Borough, 243 Pa., 216, 89 Atl., 972, 973; Mooney v. Pennsylvania R. R. Co., 203 Pa., 222, 52 Atl., 191.

We think that the above-recited evidence is strong enough to overcome the presumption that the instinct of self-preservation was sufficient to cause him to use due care. In fact we think that the evidence was sufficient to show that he was not in possession of his mental faculties, and therefore there was no presumption of due care.

The presumption will only be indulged in the absence of proof, and the weight of the presumption simply makes out a prima facie case which disappears on the introduction of material evidence on

the proposition. The presumption itself cannot be weighed against the evidence.

"It has been held that like other rebuttable or prima facie presumptions the presumption of due care does not constitute affirmative proof and has no weight as evidence, and that, if challenged by rebutting evidence, the presumption cannot be weighed against the evidence, but supporting evidence must be introduced, and it then becomes a question of weighing the actual evidence introduced without giving any evidential force to the presumption itself. Accordingly, and aside from the authorities which permit the operation of the presumption only in cases where direct evidence as to the facts is unobtainable, it has been held that the presumption is to be indulged or given weight as evidence in plaintiff's favor only where there is an entire absence of credible evidence as to the conduct of the person injured at the time of the accident, and that it does not arise or ceases to operate where there is direct testimony one way or the other as to whether the injured party was negligent. . . . Thus, where, because the rebutting evidence is circumstantial and inconclusive or conflicting, the issue of contributory negligence becomes a question for the jury, the jury, in conformity with the rule previously noted, may not weigh the presumption as against the evidence, but if the jury decide that the evidence tending to show contributory negligence in the particular claimed is insufficient and should be disregarded, the presumption may then be considered as remaining in force so far as may be necessary to establish the fact that due care was exercised in all respects not touched on by the evidence." 45 C. J., 1160, 1161.

"The court charged the jury that 'without proof of the contrary, the presumption of law, arising out of the instinct of self preservation, would be, that the deceased was in the discharge of his duty and in the exercise of ordinary care at the time of the injury.' Taken in connection with the remainder of the charge and in the light of the proof, this instruction was calculated to generate in the minds of the jury the belief that they might consider the presumption arising from the instinct of self-preservation in opposition to evidence touching the conduct of the deceased at the time under investigation, and determine whether the evidence was sufficient to overcome the presumption. This was an erroneous view. This subject underwent a thorough examination by Judge Vandevanter (now associate justice of the Supreme Court) in the case of Wabash Railroad Company v. De Tar [C. C. A.], 141 Fed., 932, 4 L. R. A. (N. S.), 352, and it is there pointed out that the presumption arising from the natural instinct of self-preservation has application only in the absence of evidence, either direct or circumstantial, tending to show the circumstances surrounding the deceased at the time his injury was received or as to how the accident occurred, and disappears when such

evidence is produced." Tenn. Central Ry. Co. v. Melvin, 5 Tenn. App., 98, 99.

"It is the duty of the court to direct a verdict unless the conflict is positive. The conflict must be real not merely apparent. The mere dogmatic assertion, which does not appeal to the reason of the court, which does not have substance and relevant consequence, which does not have fitness to induce convictions is not proof, even if uncontradicted, and does not interfere with the duty of the court to direct a verdict." Louisville & Nashville R. R. Co. v. Jackson, 3 Tenn. App., 472, 473.

In the case of Patton v. Texas & Pacific Railway Co., 179 U. S., 658, 21 S. Ct., 275, 277, 45 L. Ed., 361, it was stated:

"If the employee is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony; and no mere sympathy for the unfortunate victim of an accident justifies any departure from settled rules of proof resting upon all plaintiffs."

"It may be, as suggested by the appellant, the plaintiff's husband carelessly reeled off the edge of the pavement upon which he was walking. We do not, however, rule this case on the theory of contributory negligence, but rather on the absence of proofs from which it could justifiably be found that the event leading to the loss of this life was occasioned by negligence of the defendant. In short, the evidence relied upon fails reasonable to connect the defendant's alleged negligence with the presence of Glancy's body at the foot of the embankment in such a way as to afford the basis for a fair presumption that it was the cause of his death; hence the verdict cannot stand." Glancy v. McKees Rocks Borough, supra.

It is insisted by the railroad that all the evidence shows that the deceased was not an obstruction on the track when he was run over and killed. The railroad insists that the evidence shows that in his drunken stupor he crawled under the slate car on the siding, laid his head on the rail, and was in that position when the coal cars were coupled to the slate car and pushed down the track, and therefore the railroad company is not liable. We are not called upon to say whether this contention is true, but, as stated in the case of Glancy v. McKees Rocks Borough, above, we do not decide the case on the theory of contributory negligence, but rather on the absence of proofs from which it could justifiably be found that the event leading to the loss of his life was occasioned by the negligence of the defendant. We think this case is somewhat like the unreported case of William Wallace v. Sam E. Cleage, Receiver of the Knoxville, Sevierville & Eastern Railway Company, Knox county law, opinion of the Court of Civil Appeals filed in 1923 at Knoxville, in which it appeared that the plaintiff was walking along a railroad track at night and fell off of the embankment, which rendered him unconscious, as he stated, and later on he was injured by a freight train on another

track in the yards of the defendant company. The court held that the presumption that the plaintiff was using due care when he was injured could not be indulged under the circumstances, as he claimed that he was dazed and did not know what had transpired, and, there being no proof that defendant was guilty of negligence, the motion for peremptory instructions was properly sustained.

4, 5. The fourth and fifth assignments of errors of the defendant, to the effect that the court erred in admitting testimony that the railroad's right of way and track were used by the public and that the defendant owed no duty to the deceased except not to willfully or wantonly injure him, are not well made and must be overruled, for the reason that, where the public was permitted to use the track either as a crossing or as a path, the railroad was under a common-law duty to use a higher degree of care to look out for the presence of persons who might be expected to be at such places and is required to observe that care and caution which the dangerous conditions demanded. Fleming v. Railroad, supra; Patton v. Railroad, supra; Louisville & N. R. Co. v. Martin, supra; Adcock v. Railroad, supra.

6, 7. As the action must be dismissed, the sixth and seventh assignments of errors as to the measure of damages and as to the excessiveness of the verdict become immaterial, and it is unnecessary for us to pass upon them; but, as the case may be carried to the Supreme Court, we will state that there was no evidence as to the earning capacity of the deceased, the state of his health, his life expectancy, or the amount of wages that he earned. While the law generally presumes a pecuniary loss to the survivors from the fact of death of the husband and father so the proof thereof is not required (17 C. J., 1352), yet evidence of the deceased's state of health, his life expectancy, and his earning capacity is necessary in order to enable the jury and court to arrive at a proper conclusion.

"Where the law presumes a pecuniary loss to the beneficiaries, substantial damages, it is said, may be recovered without proof of special pecuniary loss. But the general rule is that in order to authorize a recovery of damages for death by wrongful act, the evidence must show the extent and amount thereof or furnish facts and data as a basis from which the jury may approximate the proper amount with reasonable certainty." 17 C. J., 1365.

The damages allowed under Shannon's Code, section 4029 (new Code, section 8240), are, first, damages purely for the injury to the deceased himself; and, second, the incidental damages suffered by the widow and children, or next of kin, from the death, and both recoverable in the same action. Davidson Benedict Co. v. Severson, 109 Tenn., 572, 72 S. W., 967; 17 C. J., 1327, section 198. Hence we think that the court erred in charging the jury that it might look to the age of the man and his earning capacity, and the jury did not have sufficient evidence to enable them to fix the amount of damages.

The third assignment of error having been sustained, it results that the judgment of the lower court must be reversed and the action dismissed. The cost of the cause including the cost of the appeal is adjudged against the administratrix.

Faw, P. J., and DeWitt, J., concur.