CAROLYN B. ORI, Administratrix of the Estate of Eugene John Ori, Also Known as Gino Ori, Deceased, Plaintiff in Error, v. ST. LOUIS-SAN FRANCISCO RAILWAY CO., a Corporation, Defendant in Error. —348 S. W. (2d) 809.

Western Section at Jackson.   January 7, 1961.

Rehearing Denied on Certiorari September 6, 1961.

Certiorari Denied by Supreme Court May 5, 1961.

John Galella, Walker Gwinn, and Horace Pierotti, Memphis, for plaintiff in error.

Thomas R. Price and Edward P. Russell, Jr., Memphis, Canada, Russell & Turner, Memphis, of counsel, for defendant in error.

BEJACH, J. This cause involves an appeal in error by Mrs. Carolyn B. Ori, widow of Eugene John Ori, deceased, also known as Gino Ori, who sues, in her capacity of administratrix, from a judgment of the Circuit Court of Shelby County, Tennessee, dismissing her

suit. In this opinion the parties will be referred to according to the status which they occupied in the lower court, viz., plaintiff and defendant, or called by their respective names. Mr. Ori, the deceased, was killed on the 27th day of August 1953 when he drove his Oldsmobile sedan onto the tracks of defendant in front of a train of five passenger cars, which was being pushed by a locomotive from its yards to the Grand Central Station in Memphis, Tennessee. The locomotive was in the rear of the train of cars. There was, however, on the platform of the car which, as same was being pushed, constituted the front of the train, a headlight equivalent to the headlight of the locomotive and, also, equipment for blowing the whistle, ringing the bell, and applying the air brakes on the entire train, including the locomotive at the rear. This equipment was under control of an employee of the defendant, who was acting as a lookout ahead, using said equipment. The proof shows that at the time of the collision he was sounding the whistle and that when the collision occurred, he applied the air brakes and stopped the train within a distance of 65 feet which was about one car's length. There was, also, at Rozelle Street where the collision occurred, an automatic signaling device with flashing lights and a bell ringing to warn of the approach of the train. Proof indicates that this automatic signaling device was working at the time of the collision; but there is some proof to the contrary, and that issue was submitted to the jury. The jury's verdict was for the defendant. At the time of the collision, Mr. Ori was driving southwardly on Rozelle Street, and the train was being pushed westwardly or northwestwardly across Rozelle Street.

The record discloses that suit was brought less than one year after the accident and that after much delay there was a former trial of the case, in the course of which, plaintiff took a nonsuit. Thereafter, the present suit was brought within the time permitted by law.

Plaintiff's declaration is in three counts,—Count I being subdivided into six numbered sections or paragraphs. In addition, there are in that count several unnumbered paragraphs. Count I undertakes to combine in the same count a cause of action based on common law negligence of the defendant and a cause of action based on violation of the Statutory Precautions Act applicable to railway companies in Tennessee. Count II charges violation by defendant of a city ordinance fixing a speed limit for railroad engines and trains of 20 miles an hour within the City of Memphis. Count III seeks a recovery of $2,500 for destruction of Mr. Ori's automobile. At the trial Judge Henderson of Division IV, Shelby County Circuit Court, by peremptory instruction, withdrew from consideration of the jury Count II of the declaration and consideration of whether or not the defendant had violated the Statutory Precautions Act, thus limiting consideration of plaintiff's case to the common law cause of action. The jury returned a verdict in favor of the defendant. After a motion for new trial had been made and overruled, plaintiff perfected her appeal in the nature of a writ of error to this Court.

In this Court, plaintiff, as appellant, has filed four assignments of error. Although we have given careful consideration to all of these, we deem it unnecessary to copy them into this opinion, or to discuss them separately.

Assignments of Error II and III complain of the trial judge's admission and exclusion of certain evidence therein referred to. Assignment IV contains merely a general complaint because of the trial judge's having overruled plaintiff's motion for a new trial. We concur in the ruling of the learned trial judge with reference to the admission and exclusion of evidence complained of; but, even if technical error had been committed, we could not reverse on either of these assignments of error, because the Harmless Error Statute, Section 27-117, T. C. A., prohibits a reversal "unless * * * it * * * affirmatively appear[s] that the error complained of has affected the results of the trial." The real and determinative issue of this lawsuit is covered by Assignment I and is whether or not the trial judge erred in excluding from the jury consideration of whether or not defendant had violated subsection 4 of Section 2628 of the Code of 1932, now carried forward into Section 65-1208, T. C. A. That this is clear, even to plaintiff's counsel, is indicated by the following statement in their brief: "The primary contention of the plaintiff in this cause is that the Court erred in failing and refusing to submit the violation of the Statutory Precautions Act to the jury." Subsection 4 of Section 2628, Code of 1932 (Section 65-1208, T. C. A.), provides:

"Every railroad company shall keep the engineer, fireman, or some other person upon the locomotive, always upon the lookout ahead; and when any person, animal, or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident."

Even if subsection 4, quoted above, he considered applicable, this case narrows down to the question of whether or not the railroad company here involved must be held absolutely liable because its locomotive was at the rear of the train instead of at the head of same.

We think the trial judge ruled correctly in excluding from consideration of the jury the alleged violation of the Statutory Precautions Act. We reach this conclusion for three reasons, viz.:

1. Plaintiff's declaration must be treated and considered as stating, exclusively, a common law cause of action.

2. The Statutory Precautions Act is not applicable to the facts proved in the instant case.

3. Even if the Statutory Precautions Act be considered as applicable, the undisputed evidence shows substantial compliance therewith by the defendant.

We will discuss these three reasons separately.

1. The common law and the statutory causes of action for personal injuries on a railroad crossing may both exist in the same case, but it is required that they shall each be presented in separate counts. Middle Tenn. R. Co. v. McMillan, 134 Tenn. 490, 184 S. W. 20. And it has been held that under a count charging common law negligence, evidence of noncompliance with the statute is inadmissible. Chesapeake & N. R. Co. v. Crews, 118 Tenn. 52, 99 S. W. 368. This Court in Little v. Nashville, C. &. St. L. Ry. Co., 39 Tenn. App. 130, 281 S. W. (2d) 284, held, on the authority of the above cited cases, that where a declaration contained four counts, one of which alleged common law negligence, two of which alleged violation of the Statutory Precautions Act, and one of

which charged violation of a statute not included in the Statutory Precautions Act, and where, as in the instant case, the trial judge granted a peremptory instruction on the statutory counts but submitted the common law counts to the jury, that the count charging violation of a statute not included in the Statutory Precautions Act had been foreclosed by the jury's verdict. In the instant case, there is no separate count charging violation of the Statutory Precautions Act. During the trial, however, counsel for defendant moved for an order by the Court requiring plaintiff's counsel to elect whether they would stand on the declaration as being a common law cause of action or one for violation of the Statutory Precautions Act. This motion the trial judge denied. We think he should have granted the motion and required an election; but, as he did not, it is our opinion that the declaration must be considered as having been submitted to the jury as charging a common law cause of action. Since the verdict returned by the jury was general in its character, it must be considered as applicable to the entire declaration. Tennessee Cent. R. Co. v. Umenstetter, 155 Tenn. 235, 291 S. W. 452. This conclusion by us is fortified by a long line of cases decided by both the Supreme Court and this Court, which hold that the Statutory Precautions Act is merely declaratory of the common law duties of railroad companies. Among these cases are Chesapeake & N. Railroad v. Crews, 118 Tenn. 52, 99 S. W. 368; Whittaker v. Louisville & N. R. Co., 132 Tenn. 576, 179 S. W. 140; Katzenberger v. Lawo, 90 Tenn. 235, 16 S. W. 611, 13 L. R. A. 185; and Tennessee Central Ry. Co. v. Dial, 16 Tenn. App. 646, 65 S. W. (2d) 610.

■ 2. On the undisputed evidence in the instant case, the automobile of the deceased, Ori, undertook to cross the railroad company's tracks after it was too late for compliance with the provisions of Subsection 4 of Section 2628, Code of 1932 (Sec. 65- 1208, T. C. A.) to prevent the accident. It has been repeatedly held that the purpose of Subsection 4 of said statute is to prevent collision of objects already on the track ahead of the train, while the other subsections were designed to prevent accidents between trains and objects approaching the track. Southern Ry. Co. v. Simpson, 149 Tenn. 458, 261 S. W. 677; McCampbell v. Central of Ga. Ry. Co., 194 Tenn. 594, 253 S. W. (2d) 763. And, with specific reference to whether or not said subsection is applicable to an automobile suddenly appearing upon the railroad company's tracks, as did the deceased's automobile in the instant case, the Supreme Court in Gaines v. Tennessee Cent. R. Co., 175 Tenn. 389, 135 S. W. (2d) 441, held that it is not applicable, and that in such type of collision the railroad has only the common law duty imposed on it. From the opinion of Mr. Chief Justice Green in that case, we quote as follows:

"The evidence makes it plain that the automobile appeared as an obstruction on the track too late to permit those on the engine to blow the whistle, apply the brakes, or otherwise try to avert the collision. Subsection (4) requires that the whistle be blown, the brakes applied, and every possible means be employed to stop the train when an 'obstruction appears upon the road.' As ruled in many decisions of this court, appearance on the road means appearance on the track in front of the moving train, or so near that the object will be struck by the moving train.

Tennessee Cent. R. Co. v. Binkley, 127 Tenn. 77, 153 S. W. 59; Chesapeake & N. Ry. v Crews, 118 Tenn. 52, 99 S. W. 368; Nashville C. & St. L. R. Co. v. Seaborn, 85 Tenn. 391, 4 S. W. 661.

"Until this automobile appeared, therefore, as an obstruction 'upon the road,' as those words are above defined, the duty of the engine men respecting the approaching automobile was not to be tested by subsection (4), but by the common law. There was no opportunity here for the observance of the precautions required by subsection (4) between the time the automobile appeared upon the track and the time it was struck. These two events were practically simultaneous." Gaines v. Tennessee Cent. Ry. Co., 175 Tenn. 393, 135 S. W. (2d) 442.

In Little v. Nashville C. & St. L. Ry. Co., 39 Tenn. App. 130, 281 S. W. (2d) 284, it was held that the Statutory Precautions Act was not applicable, because the crossing at which the collision occurred had not been designated as is required by that Act. In the instant case the Statutory Precautions Act is not applicable because the accident here involved was a moving collision which is not covered by the provisions of that Act.

3. With reference to whether or not there was substantial compliance on the part of the defendant with the provisions of Subsection 4, we quote from the opinion of the learned trial judge, as follows:

"There are some cases, as I recall, which hold that it is impossible for the railroad company to comply with the Statutory Precautions where a line of box cars are being pushed ahead of an engine, if it is not a switching operation. It is very obvious that the

railroad company, in backing a line of cars with an agent on the rear, is not in a position to comply with the statutory precautions in having a lookout ahead and applying the brakes, and doing everything humanly possible.

"Now, the situation here, according to the proof, is entirely different for this reason. In my opinion, the railroad company's proof shows that if subsection (4) was applicable, that they could comply with the statutory requirements.

"The proof shows that this lead car was equipped with air brakes that had complete control of the movements of that train; that it had a whistle on it which could be operated; that it had a man on the front of this car; and I don't think there is any doubt about that.

"One or two witnesses said they didn't see him, but the uncontradicted proof that the railroad company had a man on the front end of that car in the position equivalent with that of the engineer, if the engine were on the front pulling a string of cars. That he had complete control of the movement of the train, and therefore was in a position to comply with subsection 4 of the Act if an object appeared upon the track by applying his brakes, which he did, and sounding the whistle at intervals.

"So I am of the opinion, after reading and analyzing those cases, when they back a line of cars—box cars—and somebody is standing up there, they are not in a position to comply with those provisions; but, in this case, it is the equivalent to a train. That lead car is equivalent to the engine pulling the cars.

That man had charge of the train. He was in a position to see. He had a light on it, and, as I said, he had complete control of the brakes on that train.

"Now, the Court is of the opinion that the uncontradicted proof in this case, while the engine was at the rear of this cut of cars consisting of five pullmans and chair cars, that the lead car, being in the control of a man with all necessary equipment, was in a position to comply with all the statutory requirements.

"Proof in this case says that the car was not traveling very fast—around 20 miles an hour. The uncontradicted proof shows that the train was not moving at an excessive rate of speed. I think the testimony shows around 15 miles per hour. It is very evident. I don't see how you can get an inference to the contrary by reason of the fact when this impact occurred he stopped the train within one car length—65 feet. That lead car was right at that crossing when the automobile was in close proximity to that crossing, having slowed down, indicating that the driver of that car was going to stop or yield the right of way.

"I don't see how reasonable minds can differ to the effect that this car, when it suddenly started up and veered on the tracks in front of this lead car so suddenly that it was humanly impossible, under the circumstances, to have brought that train to a stop before colliding with the automobile.

"So, the Court is of the opinion that subsection 4, under the uncontradicted proof in this case, is out of this law suit and has no application at all."

In the case of Little Rock and M. R. Co. v. Wilson, 90 Tenn. 271, 16 S. W. 613, 13 L. R. A., 364, 25 Am. St. Rep. 693, the Supreme Court of this State affirmed a verdict against the railroad company where it had backed a train over a drunk can asleep on its tracks. In that case it was contended by the railroad company that the Statutory Precautions Act did not apply, because the requirements of same were applicable only when the engine was in the front of the train and not at its rear. The Supreme Court disallowed the contention, but for reasons which, as was held by the trial judge in the instant case, were wholly inapplicable to the facts of the instant case. From the Supreme Court's opinion, written by Snodgrass, J., we quote as follows:

"The argument that the statute does not apply because the engine was in the rear of the train instead of in front, and that consequently a lookout ahead on the locomotive is dispensed with, proceeds upon the erroneous assumption that, if the railroad company, for convenience or otherwise, takes the engine from the front end of the train, and uses it in the rear, or at some other place in the train, a lookout is dispensed with in front. This is manifest when we look to the object of the statute. It contemplates an engine in front, with perfect headlight, a bell to be rung, and machinery for blowing the whistle, reversing the engine, and taking the precautions indicated in the special and general terms of the statute, including, of course, a place for the lookout to be, and an engineer, fireman, or some other person, always there as a lookout. Now, in case the engine had been in front, and its headlight or its machinery for alarm or stopping taken away from it, or the

lookout taken off of it, it would not be denied that the company was liable; but because the company had taken not one but all of these things away, the argument is that it escapes statutory liability. Thus stated, it seems perfectly manifest that the proposition is erroneous. Putting it in other words, it is that although the railroad company could not take away any one of these and avoid liability, it could take them all away and do so. That the whole includes all of its parts is a proposition not more axiomatic than that all [of] the parts are necessary to make up the whole.

"If, therefore, observance of the statute as a whole consists in 'keeping an engineer, fireman, or other person upon the locomotive always upon the lookout ahead,' in order that objects appearing upon the track may be discovered and the other precautions taken for which the statute provides, it follows that all these things are necessary to be severally done in order that the whole requirement be complied with." Little Rock & M. Railway Co. v. Wilson, 90 Tenn. 275-276, 16 S. W. 614.

In the instant case, the defendant had not dispensed with any of the requirements of the Statutory Precautions Act, unless it be held, as a matter of law, that the lookout on the leading car, who had complete control of the train, constitutes violation of the Statutory Precautions Act because he was not on the locomotive, and this, even though he had complete control of the train, and all other provisions of the Statutory Precautions Act were being complied with. We agree with the ruling of the trial judge, and hold that the facts of the instant case consti-

tute substantial compliance with the provisions of the Statutory Precautions Act.

For the reasons stated above, it is our opinion that the learned trial judge ruled correctly when he withdrew from consideration of the jury all questions concerning alleged violation by defendant of the Statutory Precautions Act, and in particular, Subsection 4 of Section 2628, Code of 1932 (Section 65-1208, T. C. A.), and that the verdict of the jury forecloses all other questions in favor of the defendant. It results that the judgment of the lower court dismissing plaintiff's cause of action will be affirmed.

The costs of the cause will be adjudged against the plaintiff and her sureties on the appeal bond and on the cost bond given in the lower court.

Avery, P. J. (W.S.), and Carney, J., concur.