# Alexander *v.* American Express Company, Appellant.

*Negligence—Automobiles—Trolley cars — Pedestrian — Vehicles approaching from opposite directions—Pedestrian walking between vehicles—Death—Warning of approach—Contributory negligence— Judgment for defendant n. o. v.*

1. A pedestrian who attempts to cross a street between two vehicles approaching from opposite directions and sees and avoids one but in so doing steps into the path of the other, which he evidently did not see, but which he could easily have avoided had he looked, is guilty of contributory negligence.

2. In an action against the owner of an automobile truck to recover for the death of plaintiff's husband, binding instructions should have been given for the defendant for want of sufficient evidence of negligence on the part of defendant's driver, and because of the contributory negligence of the decedent, where it appeared that the deceased was attempting to cross a street on which a trolley car and defendant's truck were approaching from opposite directions; that the deceased stepped in front of the truck, and in an endeavor to avoid being run down stepped backward upon the trolley tracks and was instantly struck and killed by the car; that the car was in plain view and could have been seen by the deceased had he looked before crossing the tracks; and where there was no evidence that defendant's truck was being driven recklessly or at an excessive rate of speed.

Argued Jan. 18, 1917. Appeal, No. 231, Jan. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1915, No. 3769, on verdict for plaintiff in case of Eva Alexander v. American Express Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Reversed.

Trespass to recover damages for the death of the plaintiff's husband. Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,500 and judgment thereon. Defendant appealed.

1917.]    Assignment of Error—Opinion of the Court.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*John Lewis Evans,* with him *Thomas DeWitt Cuyler,* for appellant.—There was no evidence that the defendant was negligent: Foote v. American Product Co., 195 Pa. 190; Henson v. Arthur, 217 Pa. 156; Osterheldt v. Peoples, 208 Pa. 310.

The negligence of Alexander contributed to his death: Buzby v. Philadelphia Traction Co., 126 Pa. 559; Nugent v. Philadelphia Traction Co., 181 Pa. 160; McVaugh v. Philadelphia Rapid Transit Co., 221 Pa. 518; Smathers v. Pittsburgh & Butler St. Ry. Co., 226 Pa. 212; Underwood v. Pittsburgh Railways Co., 238 Pa. 332; Wolf v. Philadelphia Rapid Transit Co., 252 Pa. 448; Smith v. Philadelphia Rapid Transit Co., 252 Pa. 435.

*William A. Carr,* with him *W. Horace Hepburn* and *Sidney L. Krauss,* for appellee.—The defendant's chauffeur violated traffic regulations in driving on the left side of the street.

The contributory negligence of the deceased was for the jury.

OPINION BY MR. JUSTICE POTTER, May 22, 1917:

Charging that the death of her husband was due to the negligence of a chauffeur in the employ of the defendant, the plaintiff brought this action to recover damages. It appears from the record that on July 28, 1915, John Alexander, the husband of plaintiff, was walking westwardly on the south side of Spring Garden street approaching Fifteenth street. At the time two vehicles on Fifteenth street were approaching the crossing from opposite directions. A south bound trolley car was crossing Spring Garden street, and defendant's motor truck was coming north. The testimony shows that Alexander stepped from the east curb of Fifteenth street to the

crossing, and walked westwardly over the trolley track, and reached a point between the west rail of the track and the curb. The testimony is conflicting as to whether he stopped and remained at this point for any appreciable length of time. At any event, defendant's motor truck was then approaching, moving northwardly on the left-hand side of Fifteenth street. When it was some ten feet south of the crossing, where he stood, Alexander stepped backward directly in the path of the south bound trolley car, and was struck by the right-hand corner of the fender, fell under the car and received the injuries which resulted in his death. Upon the trial, the jury were instructed, by the affirmance of points to which no objection was made, that the defendant's chauffeur had at the time the right to drive on the west side of the street, where he was when the accident happened. Binding instructions in favor of defendant were refused, and the case was submitted to the jury, who found a verdict in favor of plaintiff, upon which judgment was duly entered. Defendant has appealed, assigning for error the overruling of its motion for judgment non obstante veredicto.

It must be remembered that the motor truck did not strike Alexander. The immediate cause of his death was his own act in stepping backward directly in the way of the trolley car. The trial judge instructed the jury that there was no evidence in the case that the motor truck was being driven recklessly or at an excessive rate of speed. Alexander saw it approaching him, so that no further warning to him was necessary. Had there been nothing in his way, when he stepped backward, it is likely that he would have had no real cause of complaint against the driver of the motor truck. He evidently did not see or hear the trolley car, although it was within plain sight, and almost within touch. It is difficult to see in the evidence anything from which negligence upon the part of the chauffeur can fairly be inferred. He had

his truck under control, and brought it to a stop within a few feet; he did not run against Mr. Alexander, and the inference that he would have done so had Alexander remained standing where he was, is not justified. It is quite as probable that he would have been able to stop his machine or turn it to one side. On the other hand, the evidence of contributory negligence upon the part of Alexander is clear. He paid no attention to the approaching trolley car, but stepped backward directly in its path. Had he raised his eyes for an instant and looked to the north, he would have seen the trolley car, and common prudence would then have caused him to pass directly to the curb, or if he thought the motor truck was too near for that, he could have taken a few steps directly to the north and thus have avoided contact with either motor truck or trolley car. There was no occasion for him to step directly backward into the right-hand corner of the fender of the car. Nothing but failure to observe its presence can account for his action in that respect. The conclusion is irresistible that failure to look for the approaching trolley car, with which he collided, was the direct cause of the injury. Mr. Alexander attempted to cross the street between two vehicles, both in plain sight, approaching from opposite directions, one of which he saw and avoided, and one of which he evidently did not see, but which he could readily have avoided, if he had looked at it, before stepping directly in its way.

The assignment of error is sustained, the judgment is reversed, and is here entered for the defendant.