# Heaps et al. *v.* Southern Pennsylvania Traction Co., Appellant.

*Negligence — Street railways — Look and listen—Pedestrians— Crossing—Contributory negligence.*

1. It is the duty of a pedestrian to look and listen for street cars along a street which she is about to cross.

2. But where there is a switch and a curve at the crossing and, by a misplacement of the switch, a car which would have gone along the street on which the pedestrians was walking, is suddenly turned into the street which the pedestrian is about to cross, she cannot be charged with contributory negligence in not looking back for a car which, even if she had seen it, she knew was not routed so as to make the turn.

3. Especially is this the case, where there is no evidence that she either did or did not look and listen, and her own testimony is that she had no recollection of what occurred until some time after the accident, and it also appears affirmatively from other proof that she stopped at the edge of the track.

4. Where plaintiff's mind was a blank as to the accident and all its incidents, the presumption is against contributory negligence.

Argued Feb. 5, 1923. Appeals, Nos. 3 and 4, Jan. T., 1923, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1918, No. 225, on verdict for plaintiffs, in case of William M. Heaps, and Mary A. Heaps, by her father and next friend, William M. Heaps, v. Southern Penn-

sylvania Traction Co. Before Frazer, Walling, Simpson, Sadler and Schaffer, JJ. Affirmed.

Trespass for personal injuries. Before Broomall, J.
Verdict and judgment for Mary A. Heaps for $3,923 and for William Heaps for $2,465.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*Howard E. Hannum,* for appellant.

*J. Borton Weeks,* of *Hannum, Chadwick & Weeks,* with him *Arthur L. Reeser,* for appellee.

Per Curiam, March 5, 1923:

We have here two appeals. In one case the father is plaintiff and in the other the daughter. Both actions are to recover damages for injuries received by the latter on July 21, 1918. The young woman, shortly after leaving her place of employment for the day, while crossing Sixth Street, at its intersection with Welsh Street, in the City of Chester, was run down by a car of defendant company and seriously injured. At the time, a Highland Avenue car, whose route was along Welsh Street, traveling at a speed estimated by witnesses from 20 to 25 miles an hour, ran into a misplaced switch which the motorman failed to observe and was deflected into Sixth Street, striking plaintiff, who was on the regular crossing of the latter street, and carrying her 175 feet under the front truck of the car, before it was brought to a stop. Defendant's negligence was not denied. The defense set up was contributory negligence on the part of the young woman in not looking and listening before attempting to cross the street. We find no testimony that she either did or did not do so. She, however, testified she had no recollection of what occurred after leaving her place of employment on the afternoon of the accident (Friday) un-

til the following Monday, upon regaining consciousness. It was her duty to look and listen for approaching cars on Sixth Street, but not those whose route was confined to Welsh Street; however, in the absence of evidence that she failed to discharge the duty imposed upon her, especially in view of the fact that her mind was a blank as to the accident and all its incidents, with the natural instinct of love of life, the presumption is that she did all the law required her to do and was not guilty of contributory negligence. Aside from this, had she looked back down Welsh Street she would have seen approaching a Highland Avenue car routed, as she well knew, to continue along Welsh Street and not turn into Sixth Street; consequently, she could not be held to anticipate its sudden and unusual deflection into Sixth Street, but, on the contrary, would have a right to assume its regular course down Welsh Street would be pursued. Moreover, it is affirmatively shown she stopped at the edge of the track.

The judgment in both cases is affirmed.