Yuhasz *v.* Pitt Construction Co., Appellant.

Argued October 1, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*D. H. McConnell,* for appellant.—Plaintiff's decedent was guilty of contributory negligence: Klein v. Pittsburgh, 97 Pa. Superior Ct. 56; Lane v. Dickinson, 276 Pa. 306; Scott v. Erie, 297 Pa. 344; Jones v. Gas & Electric Co., 289 Pa. 128.

Defendant was guilty of no negligence.

*Thomas M. Marshall,* of *Marshall & Marshall,* for appellee.—Decedent was not guilty of contributory negligence: O'Malley v. Boro., 191 Pa. 612.

OPINION BY MR. JUSTICE WALLING, November 23, 1931:

The plaintiff, Elizabeth Yuhasz, brought this action to recover for the death of her husband, John Yuhasz. The Pitt Construction Company, defendant, in the construction of a retaining wall in Duquesne Boulevard in the City of Duquesne, near the head of the Oliver Street stairs, dug a trench in the bed of the cartway eight and one-half feet deep and about six feet wide. The conditions were such that pedestrians, of whom some fifteen hundred passed daily, had to walk along a narrow way near the trench. As a barrier to guard the trench, the defendant placed a six-inch wide board resting at one end on a railing and at the other on a small wooden

structure called a carpenter's horse. The latter stood loose on a ridge of soft earth thrown from the trench, while the board, not fastened at either end, was kept in place merely by its own weight. On Sunday noon, October 7, 1928, while the deceased was returning from church, he stepped on the ridge of soft earth to look into the trench and, apparently to steady himself, placed his hands on the board, which immediately gave way and he with the board and wooden horse fell into the trench, causing his death. The jury found for the plaintiff and from judgment entered thereon defendant brings this appeal.

In our opinion the record presents no reversible error. It was the defendant's duty to guard the trench by reasonable barriers. Considering the nature of the excavation, its proximity to where pedestrians were compelled to walk, the amount of travel there and all the circumstances, whether it performed that duty was for the jury. It cannot be held as matter of law that this light, loose board was such a guard. See O'Malley v. Parsons Boro., 191 Pa. 612.

If the trench was left in a condition liable to cause injury to passersby, and actually did so, the defendant is not relieved from liability because the accident which happened might have seemed unlikely: Howarth et ux. v. Adams Express Co., 269 Pa. 280, 282, and cases there cited.

The question of the contributory negligence of the deceased was also for the jury. He had a right to look into the trench located in the street near his path and did the very natural thing of placing his hands on the guard rail. He was not bound to anticipate that it was so carelessly constructed that it would fall the moment he rested the weight of his hands and arms upon it. He was deceived by a worthless barrier. Except for the guard rail he should have kept away or in some other manner protected himself from falling in, as it was daylight, otherwise he would be chargeable with contrib-

utory negligence: Jones v. Counties Gas and Elec. Co., 289 Pa. 128; Lane v. Dickinson, 276 Pa. 306, and cases there cited; also Ida Klein v. City of Pittsburgh, 97 Pa. Superior Ct. 55, 61, and cases there cited.

The deceased was only bound to exercise ordinary care, and was not required to anticipate negligence on part of the defendant. Whether he should have examined the board to see if it was solid before resting his hands upon it was for the jury. John Yuhasz is dead and the presumption that he exercised care is not so clearly rebutted as to be a question of law.

The judgment is affirmed.