Snyder, Appellant, *v.* Union Paving Company.

Argued October 3, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Albert M. Hankin,* with him *Harry H. Wexelblatt, Milford J. Meyer* and *Meyer, Lasch, Hankin & Poul,* for appellant.

*Ralph S. Croskey,* with him *Croskey & Edwards,* for appellee.

OPINION BY HIRT, J., November 20, 1951:

In this trespass action for personal injuries the jury found for the plaintiff in the sum of $2,500. The lower court however on reconsideration of the question of the right of recovery concluded that the plaintiff was chargeable with contributory negligence as a matter of law and on that ground entered judgment for defendant n.o.v. The judgment must be affirmed.

At about 7:30 in the morning of December 1, 1949, plaintiff left a passenger bus at the regular stop in the west line of Broad Street in Philadelphia just north of the driveway into the North Philadelphia Station

of the Pennsylvania Railroad. A short distance south of the driveway Glenwood Avenue crosses Broad Street in a north-easterly direction. Cambria Street also enters Broad Street at right angles from the east at this intersection. Plaintiff was familiar with the neighborhood and had notice of the usually heavy traffic on Broad Street; he left the bus at the same place every morning on his way to work. Just prior to his injury he walked in front of the standing bus and in attempting to cross Broad Street to the east at Cambria Street, on the regular pedestrian crossing, he was struck by defendant's truck which was then traveling south into the intersection.

On direct examination plaintiff said that after he stepped onto the pavement and started to cross "all I know I was hit". And when asked: "Did you notice any lights, traffic lights?" his answer was: "I don't remember". There is no contention however that his mind was a blank because of his injuries. His lack of recollection, under his testimony as a whole, is attributable to his failure to observe conditions in the intersection before committing himself to the crossway. Therefore he is not entitled to the benefit of a presumption of due care for failure of memory on the principle of *Heaps v. Southern Pa. Traction Co.*, 276 Pa. 551, 120 A. 548. Even a presumption of due care must give way when a plaintiff's evidence convicts him of contributory negligence. *Wickline v. Pennsylvania R. R. Co.*, 347 Pa. 136, 31 A. 2d 535. Accordingly a plaintiff's contributory negligence may be established by his answers on cross-examination which contradict an assertion in his direct testimony of lack of memory as to the facts. Cf. *Black et al. v. Phila. R. T. Co.*, 239 Pa. 463, 86 A. 1066.

Under the circumstances in the present case it is plaintiff's final statements on cross-examination which

are controlling (Cf *Stewart et vir. v. Ray et al.,* 366 Pa. 134, 143, 76 A. 2d 628) and they clearly convict him of contributory negligence barring recovery. On cross-examination plaintiff testified "I seen the light was green and then I started" to cross Broad Street. But he immediately robbed the statement of probative value by admitting that he "didn't look to see what the light was, or what color it was". Following his further statement that he did not remember whether he looked for automobiles coming south on Broad Street, the record contains the following significant admissions by the plaintiff on cross-examination by defendant's counsel: "Q. And, as a matter of fact, you didn't look to see whether or not there was any other traffic, did you? A. No, sir. Q. And how many steps had you taken after you passed the front of the bus before you were hit, do you remember? A. A few. Q. Do you remember or not? A. No, sir. Only a few—a few feet. Q. How many feet? A. About—five feet. Q. What did you do take two steps out, two feet? A. Two feet. Q. You stepped two feet in front of the bus and you were hit. Are you sure about that? Don't let me testify. Are you sure about that? A. Yes, sir."

There were mechanically operated traffic lights on each of the four corners of the intersection directing the movement of vehicles in the streets. But even if plaintiff had a green light in his favor when he started to cross Broad Street that fact is of no controlling importance for "A green light at a traffic intersection offers but a qualified permission to proceed, and the pedestrian crossing in reliance upon it must continually be on guard for his safety: Schroeder v. Pittsburgh Rwys. Co., 311 Pa. 398, 404, 165 A. 733": *Cinquina, Admrx. v. PTC,* 362 Pa. 546, 553, 67 A. 2d 109. Under the inferences most favorable to plaintiff it is clear that he failed to exercise the care required of him by

law. The invariable rule is thus stated in *Dando v. Brobst,* 318 Pa. 325, 328, 177 A. 831: "The duty to look rests at all times upon everyone in the use of streets (Kauffman v. Nelson, 225 Pa. 174; Alexander v. Am. Express Co., 258 Pa. 378), and where one steps into a busy street and is immediately struck by a passing vehicle which he could have seen had he looked, he is barred by his own negligence." Cf. also, *Guy v. Lane et al.,* 345 Pa. 40, 26 A. 2d 327; *Forgioni v. Balaban,* 135 Pa. Superior Ct. 179, 5 A. 2d 398. The fact that plaintiff, under his own testimony had proceeded about 5 feet into the street beyond the standing bus convicts him of contributory negligence since, as in the *Dando* case, supra, p. 329, defendant's truck, under the uncontravertible physical fact, was almost upon him and he certainly would have seen it if he had looked. Here, however, the defendant need not rely on the circumstances for proof that plaintiff did not look; the plaintiff admits it.

The testimony of plaintiff's witness Rinaldi who gave a somewhat different version of what occurred, did not convert the question of plaintiff's contributory negligence into one for the jury. Since the plaintiff's testimony shows that he was contributorily negligent we must take the case as he himself made it even though another witness may have done better for him. *Levine v. Pittsburgh Wheel. Tr. Serv. Inc.,* 169 Pa. Superior Ct. 281, 82 A. 2d 77; *Roche v. Pennsylvania Railroad Co.,* 169 Pa. Superior Ct. 48, 56, 82 A. 2d 332; *Scull v. Epstein,* 167 Pa. Superior Ct. 575, 579, 76 A. 2d 245.

Judgment affirmed.