## Lear, Appellant, *v.* Shirk's Motor Express Corporation.

146

Argued May 27, 1959.  Before JONES, C.J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Arthur H. James,* with him *Nelson A. Bryan,* and *James P. Harris, Jr.,* for appellant.

*J. Thirwall Griffith,* with him *Bedford, Waller, Griffith, Darling & Mitchell,* for appellee.

OPINION BY MR. JUSTICE McBRIDE, July 2, 1959:

This is a trespass action by Betty Lear, Administratrix of the Estate of Theodore F. Lear, deceased, to recover damages under the wrongful death act[1] and the survival act,[2] arising from the death of her husband, Theodore F. Lear, out of an accident allegedly caused by the negligence of defendant's employe, Melvin Seiger.

The accident occurred just before dawn on an August morning in 1956, on Route 11 near Hunlock Creek, Luzerne County.  Route 11 is a three lane concrete highway and runs in a general north-south direc-

---

[1] Act of April 15, 1851, P. L. 669, §19, as amended, 12 P.S. §1601.

[2] Act of April 18, 1949, P. L. 512, §§601 and 603, 20 P.S. §320.601, et seq.

tion. The concrete portion of the highway is 33 feet wide and the berm on the right hand side of the highway adjacent to the northbound lane is 20 feet wide. Lear was driving a tractor-trailer unit in a northward direction and Seiger was driving a tractor-trailer unit, carrying heavy road machinery, in a southward direction. Plaintiff's testimony consisted only of evidence given by a state police officer who made an investigation and the introduction into evidence of three photographs taken by the police very shortly after the accident. The defendant presented no evidence at all. The Trial Judge directed a verdict in favor of defendant, a motion for new trial was dismissed by the court en banc, and judgment was entered on the verdict.

We learn from the opinion of the court below that the evidence and the photographs show:

"1.   That there is a clear view of between two hundred and three hundred yards in either direction from the scene of the accident along the highway.

2.   The weather was clear, the highway dry.

3.   That about fifty feet from the point of impact, defendant's vehicle was in its right-hand lane.

4.   The defendant's vehicle suddenly and abruptly turned to the left at about a forty-five degree angle, went across the road and into the berm approximately eighteen feet, the tractor extending into the berm while the trailer occupied the East and center lane; both sections were aligned and facing in a southeasterly direction. His right-hand lane was now clear.

5.   Impact damage was centered just ahead of the right front wheel.

6.   Defendant's vehicle left a tire mark in the pave[ment] starting in the right-hand lane and arcing forty-three and one-half (43½) feet in a curve to defendant's right rear wheel, where, after the accident, it stood at rest in the center lane.

7. Defendant's trailer, a flat car in effect, was freighting what appears to be a heavy road grader and tractor, which load apparently shifted to the right at the time of the accident.

8. The vehicle driven by the victim appears to have received the impact head-on; the damage was centered directly in front.

9. The crushed tractor or cab of decedent was jack-knifed back to a right angle or more in relation to its trailer. He had been traveling North, now the tractor faced southeast, roughly parallel with defendant's vehicle. It occupied the driver's left half of his right-hand lane.

10. Skid marks of eight to ten feet from left to right across the highway and traced to his wheels indicated that the tractor or cab of decedent's vehicle was in the center lane at the time of impact.

11. Decedent's trailer also large, closed in and loaded with mail, lay diagonally in the highway, its front in the center lane heading Northeast, its rear extending into the West or its left-hand lane to a point two and one-half feet from its left-hand berm.

12. There were no skid marks, no tire marks at the rear wheels.

13. The debris was generally in the center lane.

14. There is no evidence of any other vehicles in the area."

It is conceded of course, as it must be, that plaintiff is entitled not only to the benefit of every fact and every inference that may reasonably be deduced from the evidence, *Smith v. Pachter,* 342 Pa. 21, 19 A. 2d 85; *Thompson v. Gorman,* 366 Pa. 242, 77 A. 2d 413, but also that she is entitled to the rebuttable presumption that one killed in an accident exercised due care. *Newsome v. Baker,* 395 Pa. 99, 148 A. 2d 906; *Balla v. Sladek,* 381 Pa. 85, 112 A. 2d 156.

This presumption of due care, however, may be rebutted in the plaintiff's own case or in the defendant's case. If it is rebutted in the plaintiff's case it justifies a binding direction against the plaintiff, *Griffith v. Wiener,* 373 Pa. 184, 95 A. 2d 517; if it is met by oral testimony in the defendant's case there is simply an issue for the jury as to plaintiff's contributory negligence since the defendant on that issue has the burden of proof. *Hepler v. Hammond,* 363 Pa. 355, 69 A. 2d 95. Here, since the defendant offered no evidence, we must consider whether (a) the plaintiff has shown sufficient to warrant the jury to pass upon defendant's negligence; and (b) does his own evidence rebut the presumption of due care.

This presumption of due care does not constitute proof that the defendant was negligent. *Duda, Admrx. v. Carothers,* 379 Pa. 248, 108 A. 2d 791. Neither does the mere happening of an accident prove negligence of either party. *Schofield v. King,* 388 Pa. 132, 130 A. 2d 93. Evidence sufficient to warrant recovery must describe, picture or visualize what actually happened sufficiently to enable the fact-finding tribunal reasonably to conclude that the defendant was guilty of negligence and that his negligence was the proximate cause of the accident. Tested by this standard it seems to us that a reasonable inference from the facts stated by the court below, particularly No. 4 above, is that Seiger suddenly and abruptly changed course and drove his tractor-trailer out of the right-hand lane of traffic across the three lane highway into the path of the tractor-trailer operated by Lear. Seiger's vehicle then came to rest on the wrong side of the highway. No evidence or explanation of this fact was offered by defendant nor was the failure to call Seiger as a witness accounted for. It would appear that Seiger had a clear view of Lear's vehicle for several hundred

yards as he approached it. The collision took place in the center lane of the highway, a lane in which, since there is no showing to the contrary, Lear had a right to be, at least to the extent of not having his being there denominated negligence as a matter of law. The court below relied upon our statement in *Ebersole v. Beistline,* 368 Pa. 12, 82 A. 2d 11, as to the requisite quantum of proof where plaintiff relies upon circumstantial evidence. In *Ebersole* we said "Proof of negligence may be furnished by the circumstances themselves and it is not essential to have eye-witness testimony, but where the circumstantial evidence is offered because direct proof is not available it must provide as the only reasonable inference the conclusion that the accident was caused by the negligence of the defendant."

It is true that this statement of the rule was based upon precedent authority,[3] but sometimes in the same cases,[4] notably in *Ebersole,*[5] we have stated a different rule. We said in *Mull v. Bothwell,* 338 Pa. 233, 12 A. 2d 561, that where a case is based on circumstantial evidence the test is whether the circumstances are such as to satisfy reasonable and well balanced minds that the accident resulted from the negligence of the defendant. In *Smith v. Bell Telephone Co.,* 397 Pa. 134, 153 A. 2d 477, we had occasion to review this question and specifically disapproved the "only reasonable in-

---

[3] Connor v. Hawk, 387 Pa. 480, 128 A. 2d 566; Rowles v. Evanuik, 350 Pa. 64, 38 A. 2d 255; Pfendler v. Speer, 323 Pa. 443, 185 Atl. 618.

[4] Stauffer v. Railway Express Agency, 355 Pa. 24, 47 A. 2d 817; Foley v. The Pittsburgh-Des Moines Co., 363 Pa. 1, 68 A. 2d 517.

[5] In *Ebersole* we also said "The evidence is insufficient to warrant recovery if it fails to describe, picture or visualize what actually happened sufficiently to enable the fact-finding tribunal reasonably to conclude that the defendant was guilty of negligence and that his negligence was the proximate cause of the accident."

ference" test and all cases which stated it as a rule of law. At the time the court below relied upon *Ebersole* it was entitled to do so. That rule, however, is no longer applicable. The rule as stated in *Smith v. Bell Telephone* is as follows: "Therefore, when a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deducible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith." See also *Miller v. Hickey,* 368 Pa. 317, 81 A. 2d 910; *Rockey v. Ernest,* 367 Pa. 538, 541, 80 A. 2d 783; *Turek v. Pennsylvania R. R. Co.,* 361 Pa. 512, 64 A. 2d 779; *Randolph v. Campbell,* 360 Pa. 453, 62 A. 2d 60. This is equally applicable to plaintiff's burden to show defendant's negligence and defendant's burden of proving plaintiff's contributory negligence.

The "only reasonable inference" test does have proper application in negligence cases. Although plaintiff may be declared contributorily negligent as a matter of law this may not be done simply because, in the opinion of the Trial Judge, the inference of his own negligence "outweighs" the evidence or presumption of due care. It may be done only where the "only reasonable inference" of the evidence in *plaintiff's own case* shows want of due care. Similarly, the negligence of defendant may be declared as a matter of law but only where the "only reasonable inference" of *defendant's own evidence* shows his negligence. This is so in both those instances because although the evidence is oral there is no question of credibility presented.

In *Benner v. Weaver,* 394 Pa. 503, 147 A. 2d 388, we held that when a vehicle goes over to the wrong side of the road the inference that the driver is negli-

gent is permissible from that fact alone, unless the driver can satisfactorily explain why he would be where maximum peril resides for himself and all those who continue legitimately to pursue their course on a part of the road where they have the right to be; and that this inference is particularly justified in a case where the plaintiff is dead and where defendant offers no explanation through its driver or any other evidence.

The court below, in its opinion, gives a good analysis of what might well have happened. That analysis would support the defendant's contention that the plaintiff was contributorily negligent and that he was not negligent. Under the only reasonable inference test the court would have been justified in withdrawing this case from the jury. The difficulty with the application of its analysis to the true rule is that such analysis is the function of the jury and not of the court. A plaintiff is entitled to have his case considered by the jury even though he does not show that the only reasonable inference is that defendant's negligence was the proximate cause of the accident. It is enough that he produces evidence which may properly be found by the jury to justify an inference that the defendant's negligence was the proximate cause of the accident because such evidence outweighs even though it does not *exclude* an inference that the defendant was not negligent or that his negligence was not the proximate cause of the accident. When the evidence is so viewed we are constrained to reverse the judgment of the court below and award a new trial.

Judgment reversed and new trial granted.