**Willard BRAIN, Administrator of the Estate of Walter L. Travis, Deceased, Plaintiff,**

v.

**ELLIOTT–SPICHER MOTORS, INC., a corporation, and Eva Elliott, Administratrix of the Estate of Louis R. Elliott, Deceased, Defendants.**

Civ. A. No. 64–106.

United States District Court
W. D. Pennsylvania.

Feb. 7, 1966.

Norton L. Berman, Pittsburgh, Pa., for the plaintiff.

Richard D. Klaber, Pittsburgh, Pa., for the defendant.

GOURLEY, Chief Judge.

This is a Pennsylvania civil jury diversity action. An accident occurred between two motor vehicles, the plaintiff's fiduciary died as a result of the accident, and the defendant died subsequent thereto due to causes unrelated to the accident. Verdict was rendered in favor of the defendant.

The immediate matter before the Court is a Motion for New Trial based on the following question:

Where an individual involved in an accident becomes a party to litigation based on negligence and dies due to causes unrelated to the accident, is said litigant entitled to the presumption that due care was exercised in the operation of his motor vehicle at the time of the accident?

This matter was not presented to the Court until the end of all the testimony in the case in the form of Requests for Charge by the defendant.[1]

---

1. Counsel for the parties had no authorities to submit to the Court in support of the point, and it was necessary for the trial judge, in the limited time that was

The issue is novel in the sense that the precise question has never been decided by the appeilate courts of Pennsylvania, nor by any of the nisi prius courts, and that being so, the Court is required to consider such approach to the problem as may be indicated by the Pennsylvania cases in the general field and to resort to general applicable principles to reach a conclusion consistent with Pennsylvania law. Gerr v. Emrick, 283 F.2d 293 (3rd Cir., 1960).

In sum, it is incumbent upon the Court to make its own determination of what the Pennsylvania Supreme Court would probably rule in a similar case. The cases which counsel and the Court have found in their research enunciate the following rule:

> When a person is killed in an accident, there is a presumption arising from the general knowledge of the strength of the instinct of self-preservation and the natural desire to avoid pain and injury to one's self that the deceased at the time of the accident was exercising due care. Morin v. Kreidt, 310 Pa. 90, 164 A. 799 (1932); Schofield v. King, 388 Pa. 132, 130 A.2d 93 (1957).

The case that involves facts that have some similarity to the issue in question is Lyons v. Bodek Estate, 393 Pa. 131, 142 A.2d 199 (1958).[2] The rule of law was enunciated that a presumption of due care on the part of the decedent applies only where the death or inability to testify occurs by reason of the accident, and that because the lips of a surviving party are sealed by virtue of the Dead Man's Statute does not give to such survivor the benefit of any such presumption in his favor.

I conclude if this matter were presented to the Supreme Court of Pennsylvania, the rule of law would be enunciated that for the presumption of due care to have application to a party to an accident who dies subsequent thereto, it is necessary that said litigant die as a result of said accident.

The underlying purpose of said presumption was based on the thesis that general knowledge exists that there is an instinct on the part of any person who is involved in an accident to preserve his general well-being with a natural desire to avoid injury or death.

When a person dies of natural causes unrelated to the accident, there is no basis or thesis to apply the presumption.

The Motion for New Trial shall be granted, and an appropriate Order is entered.

---

available, to reach a conclusion as best the law could be formulated. No Pennsylvania case had been cited to the Court by counsel, nor can any be found through exhaustive research made on the part of the Court.

**2.** The plaintiff was injured on premises of the defendant and died subsequent to plaintiff's injury. Under the Dead Man's Statute in Pennsylvania, 28 Pa.P.S. § 322, plaintiff was disqualified from testifying. The Supreme Court was presented with the question as to whether the plaintiff was entitled to a presumption of due care due to the death of the defendant, which therefore rendered the plaintiff's testimony inadmissible under the above Statute.