**Theckla B. WEBB, Appellant,**

v.

**Lloyd K. MARTIN, Administrator of the Estate of Jason A. Martin, Deceased, Defendant and Third-Party Plaintiff,**

v.

**Carl C. STALCUP, Third-Party Defendant.**

**No. 15739.**

United States Court of Appeals Third Circuit.

Argued May 5, 1966.

Decided July 20, 1966.

Henry B. FitzPatrick, Jr., Philadelphia, Pa. (Broderick, Schubert & FitzPatrick, Philadelphia, Pa., on the brief), for appellant.

Robert J. Stewart, York, Pa. (Spencer R. Liverant, Liverant, Senft & Cohen, York, Pa., on the brief), for appellee.

## OPINION OF THE COURT

Before STALEY, Chief Judge, and KALODNER and FREEDMAN, Circuit Judges.

KALODNER, Circuit Judge.

In the instant case the plaintiff, Theckla B. Webb, a passenger in an automobile operated by Carl C. Stalcup, was seriously injured in a collision between Stalcup's car and an automobile operated by Jason A. Martin on July 7, 1960 on Route 11, 'some two miles north of Greencastle, Pennsylvania. She brought suit against Martin on February 7, 1962. Martin was killed in an automobile accident on March 31, 1962 and Lloyd K. Martin, the Administrator of his estate, was substituted as defendant. Thereafter Stalcup was joined as a third party defendant and Stalcup counterclaimed against the defendant.

The case was tried to the Court below without a jury and pursuant to its fact-finding that Jason A. Martin was free of negligence and that the accident occurred solely by reason of Stalcup's negligence,[1] it entered judgment against the plaintiff and in favor of the defendant.[2] This appeal followed.

Since this is a diversity action[3] Pennsylvania law governs.

On this appeal the plaintiff contends that inasmuch as Jason Martin was killed in an accident other than that here involved, the trial court erred in according to him the benefit of the Pennsylvania presumption of due care in the operation of his automobile, and that it further erred in excluding a transcript of Martin's testimony, with respect to the happening of the instant accident, in a criminal proceeding in a Pennsylvania court on October 11, 1960.[4] The plaintiff's position on her first point is that the Pennsylvania presumption of due care enures only to the benefit of an operator of a vehicle who dies as the result of the accident involved in the action being tried. Her position on the second point is that Martin's excluded testimony was admissible as an admission against interest under Pennsylvania law.

These facts are undisputed:

The scene of the accident was Route 11, a three-lane concrete highway running north and south with its center lane used by vehicles moving in either direction; each lane is 11 feet wide; the highway was posted for an allowable speed of 50 miles per hour; it was daylight and clear and the road surface was dry; Stalcup's car had been proceeding in the northbound lane before it made a left-hand turn across the center and southbound lanes to enter a driveway of the Castle Motel located on the west side of the highway; Martin's car was proceeding southbound in the south lane when it collided with the Stalcup car.

The plaintiff's version as adduced at the trial may be summed up as follows: as Stalcup approached a point in the highway abreast of the motel driveway he put on his left-hand turn signal and stopped in the northbound lane until the center lane was clear in both directions; when Stalcup began his left-hand turn Martin's car was at least 300 feet away; as the Stalcup car was entering the motel driveway after almost clearing the south-

---

1. The Opinion of the District Court is reported at 247 F.Supp. 529 (M.D.Pa. 1965).

2. Judgment was also entered by the District Court in favor of the defendant on Stalcup's counterclaim.

3. The plaintiff is a citizen of Maryland; the defendant is a citizen of Pennsylvania as was his decedent; the third party defendant is a citizen of the District of Columbia.

4. The plaintiff's third contention viz., that the trial court's verdict was against the weight of the evidence will not be dealt with in view of our disposition of her other two points.

bound lane it was struck by Martin's car; Stalcup was travelling at about five miles per hour when the collision occurred and Martin's car at a speed in excess of 50 miles per hour; the plaintiff, who occupied the right front seat in Stalcup's car, was thrown out of the car and suffered numerous fractures, some of which have failed to heal leaving her totally disabled.

The plaintiff's version was presented by the oral testimony of Stalcup, and Mr. and Mrs. Donato, owners of the motel, and a transcript of the testimony of Jason Martin at the criminal proceeding in the Pennsylvania court earlier referred to. Martin in that testimony had said that when he first observed the Stalcup car "it was at least a football field away"; that at that time he was "driving the speed limit" (50 miles per hour) or perhaps more, because "It's easy to go over the speed limit in that car".

It must immediately be noted that the defendant's counsel objected to the admission of the transcript and the trial court reserved ruling on its admissibility. The record discloses that the trial court never ruled on the issue of admissibility, and since in its opinion it adverted only to the evidence of the witnesses who gave oral testimony on both sides, it is an inescapable inference that it excluded the transcript of Martin's testimony in arriving at its verdict.

In its Opinion the trial court made it clear that it based its verdict on its rejection of the oral testimony of the plaintiff's witnesses; its crediting of the testimony of Mrs. Brakefield,[5] and its expressed view that since Martin had died before trial "There is, therefore, a presumption of due care on his part."

In our opinion the trial court erred in its view that Martin was entitled to a presumption of due care because he had died prior to trial, and since it is impossible to ascertain from its opinion the extent to which it influenced its verdict in the defendant's favor its judgment pursuant to that verdict must be reversed.

The Pennsylvania cases only hold that one who is killed in an accident, or is bereft of his memory of it by reason of the accident, is entitled to a presumption that he was exercising due care at the time of that accident. The Pennsylvania courts have never held that one who subsequently dies as a result of causes or injuries unrelated to a particular accident is entitled to a presumption that he was exercising due care at the time of such accident.

Morin v. Kreidt, 310 Pa. 90, 164 A. 799 (1933) and Lear v. Shirk's Motor Express Corporation, 397 Pa. 144, 152, 152 A.2d 833 (1959), cited in that order by the trial court in support of its view, only extended the presumption of due care to one "killed in an accident" which is the subject matter of the particular suit.

Thus it was said in Morin at 310 Pa. 97, 164 A. 800–801:

> "*When a person is killed in an accident, there is a presumption* arising from the general knowledge of the strength of the instinct of self-preservation and the natural desire to avoid pain and injury to one's self that *the deceased at the time of the accident* was exercising due care." (Emphasis supplied.)

*Lear* is to the same effect.

Both in *Morin* and *Lear* the presumption of due care was accorded to one who was killed in the accident on which the action was based. Accordingly, they afford no basis for the trial court's view that a party who has died as the result of causes or injuries unrelated to the accident in suit receives the benefit of the presumption of due care.

The parties have not cited to us, nor have we been able to find, a case in which a Pennsylvania court has consid-

---

5. In its opinion the trial court said that Mrs. Brakefield "was one of the most impressive witnesses this Court has ever heard"; that Stalcup's testimony was "not only contradictory but is totally unconvincing", and that the testimony of the Donatos "left the unescapable impression that they were endeavoring to slant their testimony in a way to assist the plaintiff".

ered the issue as to whether the Pennsylvania presumption of due care extends to one who has died subsequent to an accident from causes unrelated to it.

That being so, "it is incumbent on us to make our own determination of what the Pennsylvania Supreme Court would probably rule in a similar case." Gerr v. Emrick, 283 F.2d 293, 294 (3 Cir. 1960).

■ We are of the opinion that the Pennsylvania Supreme Court would hold that the presumption of due care does not enure to the benefit of one who dies, or is bereft of his memory, from causes unrelated to the accident on which a suit is based. We are compelled to that conclusion by the rationale of the Pennsylvania cases which is the premise of the Pennsylvania presumption. The rationale is explicitly stated in *Morin* viz. "there is a presumption arising from the general knowledge of the strength of the instinct of self-preservation and the natural desire to avoid pain and injury to oneself that the deceased at the time of the accident was exercising due care," and in the recent case of Kmetz v. Lochiatto, 421 Pa. 363, at pages 366–367, 219 A.2d 588, at pages 589–590 (decided May 24, 1966) where it was said:

> "Where a plaintiff is rendered incompetent as a result of injuries he sustained, a presumption of due care follows: 'Where a plaintiff's mind is a blank as to an accident and all its incidents, *the presumption is that he did all that the law required him to do* and was not guilty of contributory negligence.' Auel v. White, 389 Pa. 208, 214, 132 A.2d 350." (Emphasis supplied.)

It is pertinent to note that the District Court for the Western District of Pennsylvania recently ruled that the Pennsylvania presumption of due care only extends where one involved in an accident "die as a result of said accident." Brain v. Elliott-Spicher Motors, Inc., 249 F. Supp. 695 (1966).

We come now to the plaintiff's second point, viz. that the trial court erred in excluding the testimony of Jason A. Mar-

tin, with reference to the accident here involved, in the course of the state criminal proceeding earlier referred to. We agree with the plaintiff's contention that the trial court erred in excluding this testimony.

■ Martin testified in the state proceeding as to his role in the accident here involved. Under the settled law in Pennsylvania, which is in accord with the general view, what he said in his testimony is an admission against interest and as such was admissible in the instant proceeding. In Muzychuk, to Use and Benefit of Burns v. Yellow Cab Company, 343 Pa. 335, 341, 22 A.2d 670, 673 (1941) the Court said:

> " 'A party's testimony, if voluntarily given * * * may be used against him as admissions, not only in the particular case, but in any subsequent proceedings in which they are relevant * * *'. Henry, Pennsylvania Trial Evidence, 3d Ed., section 65. See also Truby v. Seybert, 12 Pa. 101, 103; Charles v. Arrington, 110 Pa.Super. 173, 177, 167 A. 428."

To the same effect see Heyman v. Hanauer, 302 Pa. 56, 61, 152 A. 910, 911–912 (1930).

Martin's testimony was clearly relevant to the issue involved in the instant case, viz., whether he was negligent. In it he said that he first saw the Stalcup car while it "was turning into, towards the motel" when he was more than 300 feet away; there was then no traffic between his car and the Stalcup car; he was then proceeding at a speed of 50 miles an hour; he didn't apply his brakes until he was "about 15 feet" away, and the front end of his car struck the right rear of the Stalcup car.

■ The fact that Jason A. Martin has died does not affect the admissibility of his testimony since the Administrator is his successor in interest and as such the admission is admissible against him. See Hughes v. The President, Managers and Company of the Delaware & Hudson Canal Co., 176 Pa. 254, 35 A. 190 (1896).

For the reasons stated the judgment of the District Court will be reversed and the cause remanded for a new trial with directions to proceed in accordance with this opinion.

FREEDMAN, Circuit Judge, concurs in the result.