**Stella McSPARREN, Administratrix of the Estate of William F. Maher, Deceased**

v.

**F. W. WOOLWORTH CO., Modern Transfer Co., Inc.**

**and**

**Ethel Tapner, Executrix of the Estate of Ernest Tapner, Deceased.**

**Civ. A. No. 31500.**

United States District Court
E. D. Pennsylvania.

March 28, 1967.

B. Nathaniel Richter, Philadelphia, Pa., for plaintiff.

John B. Hannum, Daniel J. Ryan, Philadelphia, Pa., for defendants.

MEMORANDUM OPINION

HIGGINBOTHAM, District Judge.

The plaintiff seeks a new trial, in part, on the ground that the trial court committed error in its charge to the jury on burden of proof, as it relates to circumstantial evidence. In charging the jury on this aspect of the case, I said in part:

> In terms of circumstantial evidence, when a party who has the burden of proof relies only upon circumstantial evidence and inferences reasonably deducible therefrom, such evidence in order to prevail must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finders any other evidence and reasonable inferences therefrom which are inconsistent with it.

> * * * it will be for you to make your decision on what blend there is and what you rely on, but to the extent that plaintiff's proof is on circumstantial evidence her burden was to produce evidence which must describe, picture or visualize in your minds what actually happened so that you are able as the fact finders to reasonably conclude that a defendant or the defendants were guilty of negligence and that that negligence was the proxi-

mate cause of the accidents. Thus you are not permitted to reach a decision based on speculation, conjecture or guess. [Transcript for May 4, 1966, pp. 11–12.]

The plaintiff has directed the attention of this Court to the recent decision of the Court of Appeals for the Third Circuit in Yeager v. J. R. Christ Co., Inc., et al., 364 F.2d 96 (3 Cir. 1966) which decision was announced subsequent to the trial in this case. The plaintiff argues that the *Yeager* case is authority for its contentions, and cites the following language from it:

The court below assumed, without deciding, that there was sufficient evidence to permit the jury to find 'that one, more, or all of the defendants were negligent.' However, it held that: 'the evidence with all the inferences that are reasonably deducible therefrom does not in our considered judgment so describe, picture or visualize what actually happened as to enable a jury reasonably to conclude that such negligence, if found, was a proximate cause of 'the decedent's fatal injury. *It would appear that the court was guided by a precedent which was expressly overruled in Smith v. Bell Telephone Company of Pennsylvania, 397 Pa. 134, 153 A.2d 477, 480 (1959) [(Supp.Ct.Pa.1959) 364 F.2d at p. 100].* (Emphasis added.)

Clearly, the trial Judge in *Yeager*, supra, was of the opinion that even though the plaintiff may have introduced evidence tending to show negligence on the part of the defendants, the plaintiff failed to negative those inferences tending to show the converse. The Court of Appeals ruled that the "sole inference" doctrine had been rejected by *Smith*, supra. In the instant case the issues of negligence were submitted to the jury and thus in this respect, at least, *Yeager* can be distinguished from the instant case.

The plaintiff, however, argues that, the factual difference between the instant case and *Yeager* notwithstanding, the language used by this Court in the

instant case was prejudicial because it tended to support the "only inference" test rejected in *Smith*. With this argument I disagree.

The language used by this Court in the instant matter was based on the language of the Supreme Court of Pennsylvania in Lear v. Shirk's Motor Express Corporation, 397 Pa. 144, 152 A.2d 883 (1959).

Significantly, *Lear* was decided on July 2, 1959—the same day as the decision in Smith v. Bell Telephone Company, supra. *Lear*, as *Smith*, was written by that distinguished Justice, Thomas McBride, and actually *Lear* is reported in 397 Pa. subsequent to *Smith*. The major dilemma for me in understanding the Court of Appeals' opinion in *Yeager*, is the language which stated "it would appear that the [trial] court was guided by a precedent which was expressly overruled in Smith v. Bell Telephone Company of Pennsylvania", supra, 364 F.2d 96, 100. Since the Court of Appeals did not cite the case which it stated was the precedent overruled in *Smith*, I am not certain of the precedent which the Court of Appeals had in mind. The trial court in *Yeager* had used language similar to that in *Lear*. Thus, there are two possible interpretations of the language of the Court of Appeals in *Yeager*: (1) The Court of Appeals was not aware of the fact that the *Lear* case was decided at the same time of *Smith* and had therefore assumed that *Smith* was subsequent to *Lear* and overruled it, or (2) that the Court of Appeals when referring to a precedent had in mind a specific "precedent" prior to *Smith* which precedent was not *Lear*. In light of the facts I am forced to assume the latter alternative rather than the former. If this assumption is correct the language which I used in the instant case—which was a verbatim quote from *Lear*—was not in conflict with the views expressed by the Court of Appeals in *Yeager*. In reference to this question, there are two points which must be made, (1) *Yeager* was concerned with discrediting the "only inference" rule and (2) the language which

the plaintiff now finds objectionable did not reinstate that rule.

The result in *Yeager* was obviously dictated by the Court of Appeals' view that the question of negligence was for the jury, and that it could only be withdrawn from the jury if, and only if; no conceivable inference of negligence could be drawn. As pointed out earlier, the question of negligence in this case was submitted to the jury. The language to which the plaintiff objects does not undermine the policy of submitting questions of negligence to the jury, nor does it support the disapproved "only inference" rule. The plaintiff's proof must be such which will enable the trier of fact to "visualize * * * what actually happened * * * so [as] to * * * reasonably conclude that a defendant * * * [was] guilty of negligence." *Lear,* supra.* The language must be scrutinized in toto. The phrase "what actually happened" is qualified by "reasonably conclude." I submit that this test imposes no burden additional to that normally imposed on plaintiffs in this type of case. In every case of this type the jury does in fact, by its verdict, determine what actually happened. The phrase does not mean that the jury determines that no other version is conceivable, but that it concluded from the evidence that its version of the facts was the most "reasonable" conclusion that could be reached. Thus, the charge as given was consistent with the law of negligence in Pennsylvania as expounded by its highest Court. It is not conceivable that the language in *Lear,* written as it was on the same day as *Smith*—and by the same Justice—was intended to be overruled by the latter case.

Finally, the plaintiff contends that the Court's charge based on *Lear* was a "hybrid" charge based on two different aspects of that opinion. The plaintiff argues that the "must visualize" language went only to the presumption of due care which applies when a party dies as a result of an accident and is unable to testify. This argument reads *Lear* too narrowly, for the entire opinion involved the question of burden of proof.

■ It has long been established that a charge to the jury must be read as a whole and not in piecemeal fashion. When the charge in the instant case is so read it is legally sufficient. The Court charged the jury that the plaintiff was entitled to a verdict if it proved its case by the preponderance of the evidence. Read together with the "must visualize" language there was no error.

I have reviewed the other numerous assignments of error asserted by the plaintiff and find that none constitute a basis for a new trial in this action. Particularly relevant at this juncture is Rule 61 of the Federal Rules of Civil Procedure, which reads:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceedings must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.

In my judgment substantial justice was accorded to all the parties in this action. Certainly this is not a case in which the trial court could have granted a directed verdict in favor of the plaintiff.

Finally, plaintiff's counsel complains that the actions of defendant's counsel, Daniel Ryan, Esquire, exceeded the bounds of fair advocacy. While there can be no doubt of the vigor with which the claims of the parties were urged upon the Court and jury by their respec-

---

* For an excellent discussion of this subject see: "The Smith Rule And A Party's Burden of Coming Forward When Relying On Circumstantial Evidence"—12 Villanova Law Review, 326 (1967).

tive counsel, I find that all counsel remained within the bounds of propriety.

Motions of the plaintiff for a judgment n.o.v., or in the alternative, for a new trial, denied.