## Dilliplaine, Appellant, *v.* Lehigh Valley Trust Company.

Argued September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Edward N. Cahn,* for appellant.

*Richard F. Stevens,* with him *Butz, Hudders & Tallman,* for appellee.

OPINION PER CURIAM, November 28, 1972:
Order affirmed.

---

CONCURRING OPINION BY HOFFMAN, J.:

Appellant contends that the trial judge erred in instructing the jury that the decedent was presumed to have exercised due care at the time that the accident occurred.

This action arose out of a collision between an automobile operated by plaintiff-appellant, Wayne Dilliplaine, and a car operated by defendant-appellee's decedent James Burdette. Burdette died following the accident from causes unrelated to the accident.

When an individual suffers a violent death, there is a presumption that the deceased exercised due care in the actions preceding his death. *Watkins v. Prudential Insurance Company*, 315 Pa. 497, 173 A. 644 (1934); *Groh v. Philadelphia Electric Company*, 441 Pa. 345, 271 A. 2d 265 (1970). This is a presumption of fact which has no evidentiary value and gives way in the face of evidence to the contrary. *Watkins*, supra, at 315 Pa. 497, 500-503. *This presumption is founded in the belief that men so cherish life and fear death that they will act carefully to avoid the horror of death.* *Morin v. Kreidt*, 310 Pa. 90, 97, 164 A. 799 (1933); *Watkins*, supra, at 315 Pa. 497, 509. Social policy mandates that where a death may be the result of either suicide or accident, the law should presume accidental death; such a presumption inclines "toward the fruition rather than the frustration of plans for family protection through life insurance." McCormick, *Law of Evidence* at 643 (1954).

"The so-called 'presumption against suicide' is neither a procedural expedient (1) nor a rule rooted in the consideration that one of the litigants has posses-

sion of the most available evidence determinative of the issue trying (2), nor is it a conclusion based on the known results of wide human experience (3). It is merely a permissible consideration of the nonprobability of death by suicide." *Watkins,* supra, at 315 Pa. 505.

A jury instruction to the effect that the decedent exercised due care has always been given to benefit a decedent who has established a prima facie case of negligence wherein the defendant alleges contributory negligence.[1] The presumption is also applicable where a party loses his memory or is unable to testify as a result of injuries sustained in the accident. *Heaps v. Southern Pennsylvania Traction Co.,* 276 Pa. 551, 120 A. 548 (1923); *Auel v. White,* 389 Pa. 208, 213-214, 132 A. 2d 350 (1957). *The courts equate the party's inability to testify with his death. Where the party is only injured and not killed as a result of the accident, there is no possibility that a decedent's family will lose death benefits. In both instances, however, the love of life is presumed to motivate the party to act with due care. Heaps,* supra, 276 Pa. at 553.

This presumption is merely the converse of charging the jury that the plaintiff has the burden of proving negligence and the defendant has the burden of proving contributory negligence. Thus, such an instruction adds nothing to a jury's ability to intelligently and impartially decide a case. Instead, such a charge may befuddle the issues should the jury misunderstand

---

[1] *Glancy v. McKees Rocks Borough,* 243 Pa. 216, 89 A. 972 (1914); *Yuhasz v. Pittsburgh Construction Company,* 305 Pa. 166, 157 A. 461 (1931); *Morin v. Kreidt,* supra; *Michener v. Lewis,* 314 Pa. 156, 170 A. 272 (1934); *Susser v. Wiley,* 350 Pa. 427, 39 A. 2d 616 (1944); *Lear v. Shirk's Motor Express Corp.,* 397 Pa. 144, 152 A. 2d 883 (1959); *Skoda v. West Penn Power Co.,* 411 Pa. 323, 191 A. 2d 376 (1963); *Allison v. Snelling,* 425 Pa. 519, 229 A. 2d 861 (1967).

the weight to be given the presumption. The presumption of due care is a presumption of fact which in reality is not a presumption at all. *Watkins,* supra, 315 Pa. at 500-501. "The employment here of the term 'presumption' is due simply to historical usage, by which 'presumption' was originally a term equivalent, in one sense to 'inference.' . . . There is in truth but one kind of presumption; and the term 'presumption of fact' should be discarded as useless and confusing. . . ." *Watkins,* supra, 315 Pa. at 501.

Given the admittedly confusing nature of this presumption, this Court should refuse to expand the applicability of the presumption. This Court has refused to allow instructions to a jury on the presumption of due care where a party's alleged failure of memory was not the result of injuries incurred in the accident in question. *Snyder v. Union Paving Co.,* 170 Pa. Superior Ct. 112, 84 A. 2d 373 (1951). In interpreting Pennsylvania law, Federal Courts have refused to give a presumption of due care charge in cases where the decedent's death was not a result of the accident. *Webb v. Martin,* 364 F. 2d 229 (3d Cir. 1966); *Brain v. Elliott-Spicher Motors, Inc.,* 249 F. Supp. 695 (W.D. Pa., 1966). Indeed, the Pennsylvania Supreme Court stated: "There is a presumption of due care on the part of a decedent whose death or inability to testify occurs *only by reason of accident." Lyons v. Bodek Estate,* 393 Pa. 131, 133, 142 A. 2d 199 (1958) (emphasis added).

This presumption only has the capacity to confuse the jury and becloud the issues. There is no reason for the court to expand the applicability of the presumption to cases where a defendant's death arose out of causes unrelated to the accident.

The appellant only made a general exception to the charge, but the principle has long been established that

a new trial will be granted, even in the absence of a general exception, when the improper charge constitutes basic and fundamental error. *Patterson v. Pittsburgh Railways Co.*, 322 Pa. 125, 128, 185 A. 283 (1936). Nevertheless, giving the presumption of due care instruction did not constitute basic and fundamental error. Thus, the decision of the lower court not to grant a new trial should be affirmed.

SPAULDING and CERCONE, JJ., join in this concurring opinion.

———

CONCURRING OPINION BY PACKEL, J.:

Two evidentiary issues are raised as to the application in a tort case of the presumption that a decedent had exercised due care. The appellant contends, first, that the presumption is applicable for the benefit of plaintiffs, and not for the benefit of defendants; and, second, that in any event the presumption is only applicable when the death was caused by the accident. The trial judge had instructed the jury that both the plaintiff, who had no memory of the events immediately preceding and following the accident,[1] and the defendant, who died after the accident from unrelated causes, were presumed to have exercised due care.

The well settled presumption of due care in Pennsylvania[2] originated in the railroad cases to offset the difficult task of rebutting any inference of contributory negligence which could be drawn solely from the

———

[1] The presumption is applicable when the plaintiff is suffering from loss of memory, *Auel v. White*, 389 Pa. 208, 132 A. 2d 350 (1957).

[2] There are jurisdictions in which there is no presumption of due care. Generally, jurisdictions which place the burden of proving lack of contributory negligence on the plaintiff do not give a deceased plaintiff the benefit of a presumption of due care. See *Siebens v. Konicek*, 108 Ill. App. 2d 300, 247 N.E. 2d 453 (1969).

occurrence of the accident. The rule has been extended to all kinds of tort actions,[3] and has been justified on the basis of the "instinct of self-preservation." *Allison v. Snelling and Snelling,* 425 Pa. 519, 525, 229 A. 2d 861, 864 (1967).

In light of the reasoning for the presumption, it would appear to be applicable to a defendant's defense to a claim of negligence as well as to a plaintiff's denial of a claim of contributory negligence. Without any discussion of the problem, the courts so held in *Balla v. Sladek,* 381 Pa. 85, 112 A. 2d 156 (1955), and in *Freund v. Huster,* 397 Pa. 652, 156 A. 2d 534 (1959) with respect to deceased defendants.

No reported Pennsylvania case appears to have treated the second issue as to the applicability of the presumption to a case in which the death was due to a cause unrelated to the accident in litigation. There are two federal diversity cases, applying Pennsylvania law, which have dealt with the situation, *Webb v. Martin,* 364 F. 2d 229 (3d Cir. 1966) and *Brain v. Elliott-Spicher Motors, Inc.,* 249 F. Supp. 695 (W.D. Pa. 1966). In both cases the court decided that the presumption of due care was not available to parties who died from unrelated causes. In the *Webb* case, the decedent had testified in a criminal case, and that evidence was held admissible as an admission. That could have been the basis for denying the presumption. The decision was by three judges but FREEDMAN, J., concurred without any opinion.

Two other jurisdictions have faced the same question and have decided that the presumption is applica-

---

[3] *Lear v. Shirk's Motor Express Corp.,* 397 Pa. 144, 152 A. 2d 883 (1959) (collision between two tractor-trailers) ; *Morin v. Kreidt,* 310 Pa. 90, 164 A. 799 (1933) (pedestrian killed by truck) ; *Ritchey v. Cassone,* 296 Pa. 249, 145 A. 822 (1929) (death in a burning building).

ble even though the party died from other causes. *See Voorheis v. Hawthorne Michaels Co.*, 151 Cal. App. 2d 688, 312 P. 2d 51 (1957) (California later did away with the presumption of due care completely) and *Wells v. Dairyland Mut. Ins. Co.*, 274 Wis. 505, 80 N.W. 2d 380 (1957). In a third jurisdiction the question was raised and the presumption was held not applicable, but it is not clear whether the holding was based on the fact that the death did not result from the accident or on the fact that there was an eyewitness to the accident. *DeBuhr v. Taylor*, 232 Iowa 792, 5 N.W. 2d 597 (1942).

The instinct for self-preservation would seem to be equally strong as to a party who survives the accident as to a party who died as a result thereof. In upholding the trial judge's charge, we are aware that general criticism of the presumption might warrant its restriction.[4] However, it is so well recognized in our law, even though its significance is not great,[5] that it should not be complicated by a new limitation. It is true that in this case it was admitted that the death was due to an extraneous cause, but if the general rule is to be subjected to the contended limitation, it could create in many cases the problem of determining preliminarily the cause of death.[6] Rules of evidence should be couched in terms of practical applicability.

---

[4] *See Jurman v. Samuel Braen, Inc.*, 47 N.J. 586, 222 A. 2d 78 (1966).

[5] "Even though Doctor Heath is dead and ordinarily a presumption might arise that he exercised due care, this presumption is destroyed in the instant case by the testimony adduced by plaintiff. As held in *Watkins v. Prudential Ins. Co.*, 315 Pa. 497, a presumption such as this is not evidence, and it cannot be weighed as evidence, since it gives way the moment proof to the contrary is presented." *Heath v. Klosterman*, 343 Pa. 501, 503-4, 23 A. 2d 209, 210 (1941).

[6] *Cf. Goodall v. Hess*, 315 Pa. 289, 172 A. 693 (1934).